[No. A103878. First Dist., Div. Two. Apr. 19, 2005.]

PETER T. MENDOZA, Plaintiff and Appellant, v.
TOWN OF ROSS et al., Defendants and Respondents

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.C.

626

## COUNSEL

The Scott Law Firm, John Houston Scott, Sheila A. Reid, Edwin Train Caldwell and Robert Jaffe for Plaintiff and Appellant.

Hadden Roth and Linda A. Tripoli for Defendants and Respondents.

## OPINION

**RUVOLO, J.—**

## I.

### Introduction

Appellant Peter T. Mendoza (Mendoza) sued the respondents Town of Ross (the Town) and David Fairbrother, its former director of public safety, for wrongful termination in breach of public policy and discrimination based on disability in violation of the California Fair Employment and Housing Act

(Gov. Code, § 12900 et seq.; hereafter FEHA[1]). Mendoza appeals from the trial court's dismissal of his first amended complaint after sustaining a general demurrer without leave to amend. In the published portion of this opinion, we conclude that the trial court correctly sustained the Town's demurrer without leave to amend because Mendoza was an uncompensated volunteer and not an "employee" for purposes of imposition of liability for unlawful employment practices under FEHA. Accordingly, we affirm the trial court's ruling as to the demurrer on this ground.

Mendoza further contends, for the first time on appeal[2], that his first amended complaint also states a cause of action on the theory that the Town violated section 11135, which prohibits discrimination in statute-supported programs and activities. Without considering the merit of any such claim under section 11135, in the unpublished portion of this opinion we conclude that Mendoza should be given leave to amend his first amended complaint to fully state this theory of liability. We therefore will affirm in part and reverse in part.

## II.

### FACTS AND PROCEDURAL BACKGROUND[3]

At the time of filing his complaint, Mendoza was 35 years old. He was born with cerebral palsy resulting in quadriplegia, and he uses a wheelchair. Mendoza began working for the Town in January 1996 as a volunteer Community Service Officer (CSO). Mendoza was assigned to Ross Grammar School and assisted in traffic duties, crime prevention and neighborhood crime watch programs.

After a probationary period, Mendoza was sworn in as a CSO on February 1, 1999. He was provided a uniform and issued a badge bearing his name and the words "Community Service Officer—Ross Police." Mendoza also received a police identification card with the word "police" appearing in bold across the top. The card read: "This is to certify that Peter Mendoza is a duly

---

[1] All undesignated statutory references are to the Government Code.

[2] "When a demurrer is sustained without leave to amend the petitioner may advance on appeal a new legal theory why the allegations of the petition state a cause of action. [Citation.]" (*20th Century Ins. Co. v. Quackenbush* (1998) 64 Cal.App.4th 135, 139, fn. 3 [75 Cal.Rptr.2d 113].)

[3] A demurrer admits, provisionally for purposes of testing the pleading, all material facts properly pleaded. Accordingly, the reviewing court may draw its facts, which it accepts as true for purposes of the appeal, from the plaintiff's complaint. (*Gervase v. Superior Court* (1995) 31 Cal.App.4th 1218, 1224 [37 Cal.Rptr.2d 875]; see also *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].)

appointed Community Service Officer." Mendoza had a regular work schedule, worked on holidays, and took two weeks' vacation each year. Additionally, his supervisors found his work satisfactory, and they sought a grant to create a paid position for him.

On June 25, 2001, Mendoza's position as a CSO was terminated. On July 9, 2002, Mendoza filed this lawsuit against the Town. Mendoza amended his complaint once, and his amended complaint alleges a variety of employment-related claims. Specifically, Mendoza's first amended complaint alleged six causes of action: 1) wrongful termination of employment in violation of public policy as set out by the FEHA (discrimination against the disabled); 2) discrimination based on disability or medical condition in violation of the FEHA; 3) conspiracy; 4) intentional infliction of emotional distress; 5) negligent infliction of emotional distress; and 6) intentional interference with prospective economic advantage. Underlying all of these causes of action was the allegation that the Town "refused to accommodate [Mendoza's] recognized disability and based solely on this disability summarily terminated his employment without cause in bad faith and in violation of public policy of the laws of the State of California."

Citing a variety of grounds, the Town demurred to each cause of action alleged in the first amended complaint. The trial court sustained the demurrer to Mendoza's first amended complaint without leave to amend. On appeal, Mendoza only attacks the order on demurrer dismissing his first two causes of action against the Town for wrongful termination against public policy as set forth in the FEHA and discrimination based on disability under the FEHA. Consequently, while our review of the order sustaining the demurrer is de novo, it is limited to issues adequately raised and supported in Mendoza's brief. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [76 Cal.Rptr.2d 457].)

As to Mendoza's first two causes of action, the trial court relied on federal cases interpreting title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) (title VII), which have concluded that volunteers are not employees, and therefore cannot bring employment discrimination and wrongful termination suits. (*O'Connor v. Davis* (2d Cir. 1997) 126 F.3d 112; *Keller v. Niskayuna Consol. Fire Dist. 1* (N.D.N.Y. 1999) 51 F.Supp.2d 223; *Neff v. Civil Air Patrol* (S.D.Ohio 1996) 916 F.Supp. 710.) Additionally, the court found that Mendoza could not assert these causes of action against an individual defendant, such as Fairbrother, a ruling Mendoza does not challenge on appeal. (*Reno v. Baird* (1998) 18 Cal.4th 640, 663–664 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) The action was subsequently dismissed in its entirety, and this appeal followed.

## III.

### Discussion

### A. Standard of Review

In reviewing a trial court's order sustaining a demurrer, we review the order de novo to determine whether the complaint states a cause of action as a matter of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) We give the complaint a reasonable interpretation, reading it as a whole and its parts in context. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; *Moore, supra,* 51 Cal.3d at p. 125; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) We also consider matters that may be judicially noticed. (*Ibid.*) We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817]; *Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at p. 967.) We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale. (*Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2 [108 Cal.Rptr. 219].)

### B. Mendoza Was Not an "Employee" of the Town Entitling Him to Sue for Wrongful Termination or Employment Discrimination

As noted, the first cause of action in Mendoza's first amended complaint alleged a cause of action for wrongful termination in violation of public policy. The public policy cited by Mendoza was California's FEHA. Mendoza's second cause of action alleged the Town violated the FEHA by refusing to reasonably accommodate his disability, by failing to provide him reasonable access to the areas he was required to patrol, and by subjecting him to adverse employment action because of his disability. No one disputes that the key legal issue presented by this case is whether Mendoza was an "employee" of the Town, and as such, protected from wrongful termination and employment discrimination under the FEHA. (*Shephard v. Loyola Marymount Univ.* (2002) 102 Cal.App.4th 837, 842 [125 Cal.Rptr.2d 829] (*Shephard*) ["In order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee."]; accord, *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 124 [10 Cal.Rptr.3d 121].)

The FEHA was enacted "to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mental disability, [or] medical condition . . . [¶] . . . [¶] It is the purpose of [the FEHA] to provide effective remedies that will eliminate . . . discriminatory practices. . . ." (§ 12920.) Thus the FEHA prohibits an employer from discriminating because of a disability against employees or applicants for employment "in compensation or in terms, conditions, or privileges of employment." (§ 12940, subd. (a); see also § 12926.1.)[4]

■ "Employer" is defined at section 12926, subdivision (d), to include "the state or any political or civil subdivision of the state, and cities . . . ." While the Town easily falls within the statutory definition of "employer," Mendoza cannot be so easily encompassed within the FEHA's statutory definition of "employee." As observed in *Shephard, supra*, 102 Cal.App.4th at pages 846–847, the statutory definition of "employee" found at section 12926, subdivision (c), does not actually define who is an employee under the FEHA; it merely excludes persons employed by close relatives and those "employed" by nonprofit sheltered workshops and rehabilitation facilities. Therefore, like the *Shephard* court, we conclude that the FEHA definitional provision is not particularly helpful in determining under what circumstances one may be considered to be an employee for purposes of the FEHA.

■ More helpful is the definition of "employee" contained in regulations enacted by the Department of Fair Employment and Housing (the Department) to implement the FEHA. The Department, which was created by the FEHA (§ 12901), defines an employee as "[a]ny individual under the direction and control of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written." (Cal. Code Regs., tit. 2, § 7286.5, subd. (b).) While the interpretation of a statute is ultimately a question of law, appellate courts will defer to an administrative agency's interpretation of a statute or regulation involving its area of expertise, unless the interpretation flies in the face of the clear language and purpose of the interpreted provision. (*Communities for a Better Environment v. State Water Resources Control Bd.* (2003) 109 Cal.App.4th 1089, 1104 [1 Cal.Rptr.3d 76].) ■ Far from being in conflict, section 7286.5, subdivision (b) of title 2 of the

---

[4] Section 12940 reads in part: "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: [¶] (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

California Code of Regulations fills a gap in the governing statute, and provides a workable definition of who may be considered an employee and thus entitled to the protection of the FEHA.

Thus, on its face, the FEHA confers employee status on those individuals who have been appointed, who are hired under express or implied contract, or who serve as apprentices. Mendoza seizes on this broad definition and argues that he meets the Department's, and thus the FEHA's, definition of an employee because he was "appointed" to his volunteer position. As evidence of this, Mendoza relies on his police identification card, which states, "This is to certify that Peter Mendoza is a duly *appointed* Community Service Officer." (Italics added.)

Regardless of what verbiage may appear on Mendoza's identification card, Mendoza ignores the controlling local ordinance, which vests the Town Council with the *exclusive* authority to make appointments to employment. Under section 3.5.1 of the Town's "Personnel Rules" in the record before us (Rule 3.5.1), it is provided: "Appointment to full-time regular, part-time regular, or temporary positions *shall* be made by the Town Council with the recommendation of the department heads." (Italics added.) Thus, the Town Council has exclusive authority to appoint individuals to employment positions with the Town, albeit upon the advice of city department heads.[5] The first amended complaint contains no allegation that such an appointment was made in Mendoza's case, nor did Mendoza make any proffer in response to the Town's request for judicial notice that he was appointed to his CSO position in accordance with Rule 3.5.1. The Town persuasively argues that since the Town's appointment process was not initiated, Mendoza was not appointed, and does not fall under the FEHA employee category as an appointee.[6]

---

[5] At the Town's request, we have taken judicial notice of Rule 3.5.1. (Evid. Code, § 452, subd. (b).) However, we decline to take judicial notice of Mendoza's oath of appointment for the Town and oath of confidentiality for the Town of San Anselmo. Nothing in these documents evidences Mendoza's appointment by the Town Council as an employee as required by Rule 3.5.1. Consequently, these materials are irrelevant. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73].)

[6] Mendoza argues that Rule 3.5.1 conflicts with the state Department's regulatory definition of "employee" found at section 7286.5, subdivision (b) of title 2 of the California Code of Regulations. We perceive no such conflict. Not only does the Department's regulation contemplate employment by appointment, but also includes direct contract hires and apprentices. Clearly, Mendoza's long-term volunteer service as a CSO was not that of an apprentice; and he does not contend otherwise.

■ Alternatively, Mendoza attempts to acquire employee status pursuant to an implied contract of employment or one created by estoppel. However, as a general proposition, terms of public employment are governed by statute, not contract. (*Miller v. State of California* (1977) 18 Cal.3d 808, 813 [135 Cal.Rptr. 386, 557 P.2d 970] (*Miller*); *Creighton v. Regents of University of California* (1997) 58 Cal.App.4th 237, 242 [68 Cal.Rptr.2d 125].) No person has a contractual right to enter into or to continue in public employment except in accordance with express terms and conditions fixed by law. (*Miller, supra,* 18 Cal.3d at pp. 813–814; *Kim v. Regents of University of California* (2000) 80 Cal.App.4th 160, 164 [95 Cal.Rptr.2d 10]; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1690 [40 Cal.Rptr.2d 125].) Thus, as a matter of law, in order for Mendoza to allege any type of employment-based action, whether it is wrongful termination or disability discrimination, Mendoza must sufficiently allege that he was employed or appointed in accordance with the applicable statute or ordinance. For employment with the Town, Rule 3.5.1 is the operative legislative enactment; and it requires that Mendoza be appointed to his position by action of the Town Council, a process Mendoza essentially concedes did not take place in his case. (See *Miller, supra,* 18 Cal.3d at p. 814 [" '[S]tatutory provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith.' . . ."]; see also *Hill v. City of Long Beach, supra,* 33 Cal.App.4th at p. 1691 [*Miller* applies to all government employees, not just civil service government employees].)

Our holding that Mendoza is not an employee for purposes of FEHA is also guided by *Shephard, supra,* 102 Cal.App.4th 837. In *Shephard,* the plaintiff was a student who was removed from a university's women's basketball team and her athletic scholarship terminated. She sued the school and its basketball coach for race discrimination under the FEHA. The trial court granted the defendants' motion for summary judgment, finding no evidence that the FEHA applied because Shephard was not an employee of the university. The appellate court upheld the trial court's conclusion, rejecting Shephard's claim that her status as a school athlete compensated by scholarship made her an "employee" for purposes of the FEHA. In reaching this conclusion, the court looked to case law, the language of the FEHA and other California statutes, and various National Collegiate Athletic Association bylaws prohibiting student athletes from being paid for their athletic participation.

Significantly, in arriving at its conclusion, the *Shephard* court emphasized that in the context of workers' compensation, Labor Code section 3352,

subdivision (k) explicitly excludes a student athlete receiving an athletic scholarship from the term "employee."[7] The court in *Shephard* noted that the workers' compensation statute and the FEHA are both "designed to provide workplace protections for employees [and] should be construed together in a harmonious fashion." (*Shephard, supra,* 102 Cal.App.4th at p. 846.) The court concluded that since student athletes are excluded from the definition of employee for workers' compensation coverage, allowing them coverage for discrimination under the FEHA would be an absurd result. (*Id.* at pp. 846–847.)

Similarly, Labor Code section 3352, subdivision (i) excludes public agency volunteers from workers' compensation coverage. "Employee" excludes "[a]ny person performing voluntary service[s] for a public agency or a private, nonprofit organization who receives no remuneration for . . . services other than meals, transportation, lodging, or reimbursement for incidental expenses." (Lab. Code, § 3352, subd. (i).) Applying the sound rationale utilized in *Shephard,* it would be incongruous to determine that Mendoza is an employee under the FEHA, but not an employee for workers' compensation purposes. (See also *Brassinga v. City of Mountain View* (1998) 66 Cal.App.4th 195, 214–215 [77 Cal.Rptr.2d 660].)

■ Furthermore, absent applicable California case law on the issue of whether the FEHA applies to volunteers, it is instructive to look to federal law. " ' "Because the antidiscrimination objectives and relevant wording of title VII of the Civil Rights Act of 1964 (Title VII) [(42 U.S.C. § 2000e et seq.)] [and other federal antidiscrimination statutes] are similar to those of the FEHA, California courts often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA." ' [Citation.]" (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 812 [111 Cal.Rptr.2d 87, 29 P.3d 175]; see *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 606 [262 Cal.Rptr. 842].)

Title VII succinctly defines "employee" as an "individual employed by an employer." (42 U.S.C. § 2000e(f).) The first prong of the title VII test in determining if someone is an employee requires the plaintiff to prove he or she was hired by the putative employer. (*U.S. v. City of New York* (2d Cir. 2004) 359 F.3d 83, 91–92.) To do so, the courts must look to " 'the thirteen factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid* [1989] 490 U.S. 730 [104 L.Ed.2d 811, 109 S.Ct.

---

[7] Labor Code section 3352, subdivision (k), excludes from workers' compensation coverage "[a]ny student participating as an athlete in amateur sporting events sponsored by any public agency, public or private nonprofit college, university or school, who receives no remuneration for the participation other than the use of athletic equipment, uniforms, transportation, travel, meals, lodgings, scholarships, grants-in-aid, or other expenses incidental thereto."

2166] . . .' to determine whether an employment relationship exists. *Eisenberg v. Advance Relocation and Storage, Inc.*, 237 F.3d 111, 113–14 (2d Cir. 2000)." (*U.S. v. City of New York*, *supra*, 359 F.3d at p. 92.) However, to satisfy the hiring prong, a purported employee must establish the existence of remuneration, in some form, in exchange for work. (*Ibid.*)

For example, the United States Court of Appeals for the Second Circuit has held that an unpaid intern could not sue for sexual harassment under title VII because she did not meet the definition of employee for common law agency. (*O'Connor v. Davis*, *supra*, 126 F.3d at pp. 115–116.) "Where no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist because although 'compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, . . . it is an essential condition to the existence of an employer-employee relationship.' [Citations.]" (*Ibid.*)

Other courts have agreed with this view. (*City of Fort Calhoun v. Collins* (1993) 243 Neb. 528 [500 N.W.2d 822] [volunteer firefighters were not employees within the meaning of the Nebraska Fair Employment Practice Act, which is patterned after title VII]; *Haavistola v. Community Fire Co.* (4th Cir. 1993) 6 F.3d 211, 219; *Graves v. Women's Professional Rodeo Ass'n., Inc.* (8th Cir. 1990) 907 F.2d 71, 72–73 [male rodeo barrel racer could not bring title VII claim because association did not have employees since it gave no compensation, which is an essential condition to the existence of an employer-employee relationship].)

Even substantial *indirect* compensation can satisfy the threshold requirement of remuneration for purposes of employee status under title VII. If not direct salary, substantial benefits which are not merely incidental to the activity performed, such as health insurance, vacation or sick pay, are indicia of employment status. (*U.S. v. City of New York*, *supra*, 359 F.3d at p. 92.) Thus, volunteer firefighters in *Pietras v. Board of Fire Com'rs of Farmington* (2d Cir. 1999) 180 F.3d 468 were entitled to employee status, in part, based on their receipt of significant benefits, such as disability pensions, survivors' benefits, group life insurance, and scholarships for dependent children of deceased firefighters. (*Ibid.*)[8]

---

[8] We acknowledge that within the factual context of a given case, the payment of remuneration, without more, may not suffice to establish an employer-employee relationship. However, these federal cases clearly hold the obverse; remuneration is foundationally necessary for the relationship to exist. (See also *Scaglione v. Chappaqua Cent. Sch. Dist.* (S.D.N.Y. 2002) 209 F.Supp.2d 311, 315.) Thus, we are not sure what prompted our colleagues in Division One of this court in citing these cases to conclude that "[t]he absence of any direct or indirect

 Importantly, there is nothing within the FEHA or its legislative history evincing an intent to depart from the requirement that compensation of some sort is indispensable to the formation of an employment relationship. In fact, our Legislature tacitly acknowledged that remuneration remains an integral part of an employment relationship when it enacted amendments to the FEHA extending its coverage to disabled employees. For example, when the FEHA was amended to clarify the definitions of physical and mental disabilities, the Legislature made note of the important public goal that, by providing reasonable accommodations for disabled employees, employers were helping to strengthen our economy by keeping people working who would otherwise require public assistance. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 2222 (1999–2000 Reg. Sess.) Apr. 11, 2000, p. 4.) This rationale clearly indicates that the Legislature assumed and intended that disabled persons need to be compensated "employees" in order to benefit from the FEHA's expanded protection.

Mendoza concedes that his position was unpaid, and does not allege that he received any other type of financial benefit he might have received, such as health, insurance, or retirement benefits. (*York v. Association of Bar of City of New York* (2d Cir. 2002) 286 F.3d 122, 126.) Because Mendoza's position was unpaid and his complaint made no mention of any health, retirement, or other substantial benefits, for this additional reason Mendoza does not meet the definition of employee for FEHA purposes.

 Therefore, we conclude that Mendoza's service as a CSO was not the result of an appointment provided to him pursuant to contract, nor was it an apprenticeship. Furthermore, even if he could meet one of these definitional standards, the absence of remuneration prevents him from attaining "employee" status under the FEHA. Consequently, the trial court correctly sustained the Town's demurrer without leave to amend to the first two causes of action for wrongful termination against public policy and discrimination based on disability under the FEHA.

C. *Right to Allege Cause of Action Under Section Code 11135**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

remuneration from the defendant to the plaintiff, while not controlling, is at least strong evidence that an employment relationship did not exist." (*Vernon v. State of California, supra,* 116 Cal.App.4th at p. 126.)

*See footnote, *ante,* page 625.

## IV.

### Disposition

The order of dismissal is affirmed in part and reversed in part. Upon remand, the trial court shall permit Mendoza to amend the allegations in his first amended complaint to state a cause of action under section 11135. In all other respects, the orders of the trial court are affirmed. Each party shall bear its own costs on appeal.

Kline, P. J., and Lambden, J., concurred.