[No. A131604. First Dist., Div. Three. May 16, 2012.]

MARY FITZSIMONS, Plaintiff and Appellant, v.
CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP,
Defendant and Respondent.

1424

## Counsel

Gagen, McCoy, McMahon, Koss, Markowitz & Raines, Richard C. Raines and Amanda A. Beck for Plaintiff and Appellant.

Fitzgerald Abbott & Beardsley, Sarah E. Robertson; Paul Hastings, Paul W. Cane, Jr., and Jullie Z. Lal for Defendant and Respondent.

## Opinion

**POLLAK, J.**—Plaintiff Mary Fitzsimons appeals from a judgment in favor of defendant California Emergency Physicians Medical Group (CEP) on her complaint for unlawful retaliation under the California Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq.[1] She contends the trial court erred in concluding that a partner does not have standing to assert a claim for retaliation under the FEHA against his or her partnership. We agree with plaintiff that the FEHA does support a claim for retaliation by a partner against her partnership for opposing sexual harassment of an employee. Accordingly, we shall reverse the judgment and remand for further proceedings.[2]

## Background

CEP is a California general partnership with approximately 700 partners working in hospital emergency rooms throughout California. The partnership is governed by a nine-member elected board of directors. The emergency doctors at each hospital are supervised by a medical director appointed by the board and the hospitals are grouped in regions supervised by appointed regional directors.

---

[1] All statutory references are to the Government Code unless otherwise noted.

[2] In light of this conclusion we do not reach plaintiff's alternative contention that the jury was not properly instructed regarding the legal distinction between an employee and a partner.

Plaintiff is an emergency physician who has been a member of CEP since 1985. In 1987, plaintiff began serving as CEP's medical director at Sutter Medical Center in Antioch, California. In June 1999, plaintiff became a regional director, serving the four hospitals in her region, including Sutter Medical Center, where she also continued to work as an emergency physician. In November 2003, plaintiff was elected to serve on the CEP board of directors. In October 2004, plaintiff's appointment as a regional director was terminated. Plaintiff was not removed from the board of directors and continued to work as an emergency physician at Sutter Medical Center.

In May 2006, plaintiff filed a complaint against CEP, its president and its chief operating officer alleging causes of action for retaliation in violation of public policy, breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. The complaint alleged that CEP removed her from her position as regional director and otherwise created a hostile working environment in retaliation for reports she made to her supervisors that "certain officers and agents of CEP" had sexually harassed female employees of CEP's management and billing subsidiaries.[3] By the time of trial in January 2011, the individual defendants had been dismissed and the sole remaining cause of action against CEP was for retaliation in violation of the FEHA and public policy.

Prior to trial, the court ruled that if plaintiff was a bona fide partner in CEP, she did not have standing to assert a cause of action for retaliation under the FEHA against CEP. Pursuant to CEP's motion, the jury trial was bifurcated so that the jury would first decide whether plaintiff was an employee or partner. The jury found that plaintiff was a partner and the court entered judgment in favor of CEP. Plaintiff filed a timely notice of appeal.

### Discussion

██ Section 12940, within the FEHA, prohibits numerous "employment practice[s]" specified in the subdivisions of the section—in general, invidious discrimination or harassment, and retaliation for complaining about such conduct. "The FEHA prohibits *employment* discrimination . . . ," not discrimination or retaliation in other relationships. (*Shephard v. Loyola Marymount*

---

[3] Plaintiff's complaint alleges that CEP "owns two subsidiary businesses, MedAmerica, a management service organization, and MBSI, a billing company" and that "[b]eginning in the fall of 2003 employees of MBSI, and beginning in January 2004, employees of MedAmerica, approached plaintiff to complain about sexual harassment by certain male officers and agents of CEP. Throughout 2004, additional incidents of sexual harassment by the same individual officers of CEP were brought to her attention. Plaintiff reported these incidents to the MedAmerica Human Resources Department and to her superior, [CEP's chief operating officer]."

*Univ.* (2002) 102 Cal.App.4th 837, 842 [125 Cal.Rptr.2d 829], italics added.) "The fundamental foundation for liability is the 'existence of an *employment* relationship between the one who discriminates . . . and [the person] who finds himself the victim of that discrimination.' [Citation.] . . . 'If there is no proscribed "employment practice," the FEHA does not apply.' " (*Vernon v. State of California* (2004) 116 Cal.App.4th 114, 123 [10 Cal.Rptr.3d 121]; see *Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 632 [27 Cal.Rptr.3d 452].)

■ Under section 12940, it is an "unlawful employment practice" "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part" (*id.*, subd. (h)). Section 12925, subdivision (d), defines "person" for purposes of section 12940 as including partnerships.[4] Plaintiff argues that the plain language of section 12940, subdivision (h) prohibits partnerships from retaliating against any person, including a partner, who, as in this case, opposes or reports the sexual harassment of an employee, conduct prohibited by section 12940, subdivision (j). The trial court, relying largely on the decision in *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1163–1164 [72 Cal.Rptr.3d 624, 177 P.3d 232] (*Torrey Pines*), agreed with CEP that section 12940, subdivision (h) does not apply to retaliation by a partnership against a partner, because partners are not in an employer-employee relationship.

*Torrey Pines* extended the holding of the Supreme Court in *Reno v. Baird* (1998) 18 Cal.4th 640 [76 Cal.Rptr.2d 499, 957 P.2d 1333] that a supervisor whose conduct renders the employer liable for employment discrimination under section 12940, subdivision (a) cannot be held personally liable for the discrimination. The court reached this conclusion even though other subdivisions taken literally would impose liability on all persons responsible for the misconduct.[5] In *Torrey Pines*, the court held that the "rationale for not holding individuals personally liable for discrimination applies equally to retaliation." (*Torrey Pines, supra*, 42 Cal.4th at p. 1164.) The multiple reasons for not imposing liability on "nonemployer individuals" for discrimination or retaliation—although they can be held personally liable for harassment under section 12940, subdivision (j)[6]—were summarized succinctly in *Torrey Pines* as follows: "supervisors can avoid harassment but cannot avoid personnel

---

[4] Section 12925, subdivision (d) reads: " 'Person' includes one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries."

[5] Section 12926, subdivision (d) defines an "employer" to include "any person acting as an agent of an employer" and section 12940 subdivision (i) makes it an unlawful practice for "any person" to aid or abet a violation of the statute.

[6] Section 12940, subdivision (j)(1) makes it an unlawful employment practice "For an employer, labor organization, employment agency, apprenticeship training program or any

decisions, it is incongruous to exempt small employers but to hold individual nonemployers liable,[7] sound policy favors avoiding conflicts of interest and the chilling of effective management, corporate employment decisions are often collective, and it is bad policy to subject supervisors to the threat of a lawsuit every time they make a personnel decision." (*Torrey Pines*, at p. 1167.)

In holding that a nonemployer individual cannot be held liable for retaliation, the court in *Torrey Pines* also reasoned that section 12940, subdivision (h) should not be read in isolation. "Subdivision (h) is a catchall provision aimed at prohibiting retaliation against 'any person because the person has opposed any practices forbidden *under this part* or because the person has filed a complaint, testified, or assisted in any proceeding *under this part*.' (Italics added.) The subdivision thus incorporates other unlawful employment practices defined in other parts of section 12940, and forbids retaliation against anyone opposing any such unlawful employment practice. Each of the entities to which subdivision (h) applies—employer, labor organization, employment agency, or person—is the subject of one or more other subdivisions of section 12940 defining specific unlawful employment practices. It is possible the Legislature merely wanted to use each of these terms in subdivision (h) to conform to the fact that other provisions use those terms, rather than to impose personal liability on individuals in addition to the employer itself." (*Torrey Pines, supra*, 42 Cal.4th at pp. 1163–1164.) In short, because a supervisor cannot be personally liable for discriminating against an employee, the fact that section 12940, subdivision (h) makes it unlawful for any "person" to retaliate for complaining of discrimination cannot be read to impose liability on "nonemployer individuals."

The trial court read *Torrey Pines* to have "effectively written 'person' out of the statute." Since a partnership is not the "employer" of its partners, the trial court reasoned that under the holding in *Torrey Pines* the partnership could not be liable to plaintiff despite the fact that the statute defines a "person" to include a partnership. We believe that the trial court read *Torrey Pines* too broadly. Its error arises from the fact that section 12940, subdivision (h) uses the word "person" repeatedly, with two different referents. The subdivision states that it is an unlawful employment practice for

---

training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee, an applicant, or a person providing services pursuant to a contract."

[7] An "employer" subject to liability under the FEHA is defined in part as "any person regularly employing five or more persons." (§ 12926, subd. (d); but see § 12940, subd. (j)(4)(A) [defining "employer" for purposes of a claim of harassment in part as "any person regularly employing one or more persons"].)

"any employer, labor organization, employment agency, or *person*" to engage in proscribed activity which includes discriminating against "any *person* because the *person* has opposed any practices forbidden under this part." (*Ibid.*, italics added.) The subdivision first prohibits a *person* from retaliating, and second states the retaliation must not be against a *person* who opposes discrimination or harassment of other employees. *Torrey Pines* held that the first reference to a "person" does not include nonemployer individuals. It did not hold that the second reference excludes partners or other persons who are not themselves the victims of the harassment.

■ While CEP is not in an employment relationship with plaintiff, CEP is the employer of those persons who are the victims of the alleged harassment that plaintiff reported, for which she allegedly became the subject of CEP's retaliation. The harassment of CEP employees, if proven, is an unlawful practice for which CEP is liable under section 12940, subdivision (j). And section 12940, subdivision (h) makes it an unlawful practice for CEP to retaliate against "any person" for opposing that harassment. Interpreting "person" in the context of those against whom the employer may not retaliate to include a partner gives the word its normal meaning and is consistent with the definition in section 12925, subdivision (d). This interpretation does not contravene any of the reasons explained in *Torrey Pines* for excluding supervisors from the scope of liability. Plaintiff's claim does not seek to impose liability on any "nonemployer individual" but only upon the employer—the partnership. Upholding plaintiff's claim here does not imply that a partner would have a valid claim for harassment or discrimination against himself or herself by the partnership. As CEP urges, the alleged sexual harassment of a partner by a fellow partner is not a "practice[] forbidden *under this part*," but harassment of the partnership's employees is an unlawful employment practice forbidden under "this part."[8] Plaintiff, although a partner, is a person whom section 12940, subdivision (h) protects from retaliation for opposing the partnership-employer's harassment against those employees.

■ " 'Because the FEHA is remedial legislation, which declares "[t]he opportunity to seek, obtain and hold employment without discrimination" to be a civil right (§ 12921), and expresses a legislative policy that it is necessary to protect and safeguard that right (§ 12920), the court must construe the FEHA broadly, not . . . restrictively.' " (*Kelly v. Methodist Hospital of So. California* (2000) 22 Cal.4th 1108, 1114 [95 Cal.Rptr.2d 514,

---

[8] Because this issue was not submitted to the jury, the record contains no evidence regarding the relationship between CEP and the alleged victims of sexual harassment. For purposes of this discussion, we rely on the allegations of the complaint that the alleged victims were employees. We do not address other arguments advanced by CEP as to why plaintiff ultimately should not prevail.

997 P.2d 1169]; see § 12993, subd. (a) ["The provisions of this part shall be construed liberally for the accomplishment of the purposes of this part."].) Both the language of the retaliation provision and the purpose of the statute support liability when a partner asserts a claim for retaliation against her partnership based on reports of sexual harassment of an employee. Recognizing such a claim furthers the protection of those employees subject to sexual harassment, and does not give rise to any of the evils discussed in *Reno v. Baird* and *Torrey Pines*.

The legislative history cited by CEP is not to the contrary.[9] CEP refers to the 1999 amendment of what is now section 12940, subdivision (j)(1), which expanded the category of people protected against harassment to include "a person providing services pursuant to a contract."[10] (Stats. 1999, ch. 592, § 8, p. 4254.) Prior to this amendment, only "an employee or applicant" was protected under what is now section 12940, subdivision (j)(1). (See former § 12940, subd. (h)(1); Stats. 1999, ch. 592, § 7.5, p. 4250.) The legislative history explains that this amendment "expands the reach of the state's harassment (but not discrimination) protections by including contract workers within FEHA's coverage." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1670 (1999–2000 Reg. Sess.) as amended May 6, 1999, p. 8.) CEP argues that the Legislature's failure to amend the retaliation provision at the same time it expanded the scope of the harassment provision demonstrates its intent to make a "special exception" for harassment claims only. However, when what is now subdivision (j)(1) was amended in 1999, what is now subdivision (h) prohibiting retaliation was already more expansive than subdivision (j)(1). As just indicated, what is now subdivision (j)(1) previously prohibited harassment of only employees and applicants while both before and after the 1999 amendment what is now subdivision (h) has prohibited retaliation against "any person." Thus, the failure to amend what is now subdivision (h) does not reflect an intent to limit its broad scope.

Finally, CEP's reliance on federal authority is misplaced. We recognize that federal courts have held that under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) a partner cannot assert a claim against the partnership based on discrimination, harassment or retaliation because she or

---

[9] CEP's request that we take judicial notice of legislative history regarding amendments to section 12940, subdivision (j) is granted.

[10] In 2001, the retaliation and harassment provisions of section 12940 were reorganized into their current subdivisions. (Stats. 2000, ch. 1049, § 7.5, p. 7714.) Prior to 2001, the harassment provision was found in subdivision (h) and the retaliation provision was found in subdivision (f). (See former § 12940; Stats. 1999, ch. 592, § 7.5, p. 4250.)

he is not an "employee" under the statute. (See *Wheeler v. Hurdman* (10th Cir. 1987) 825 F.2d 257, 277 ["bona fide general partners are not employees under the Antidiscrimination Acts"]; *Hyland v. New Haven Radiology Associates* (2nd Cir. 1986) 794 F.2d 793, 797 ["It is generally accepted that the benefits of the antidiscrimination statutes . . . do not extend to those who properly are classified as partners."]; *Hishon v. King & Spalding* (11th Cir. 1982) 678 F.2d 1022, 1028 ["the partners own the partnership; they are not its 'employees' under Title VII"], revd. on other grounds in *Hishon v. King & Spalding* (1984) 467 U.S. 69 [81 L.Ed.2d 59, 104 S.Ct. 2229].) There is, however, a significant difference between the language used to prohibit retaliation under the FEHA and under the federal statute.

■ Although California courts sometimes look to title VII in interpreting the FEHA, the California Supreme Court has "stated that '[o]nly when FEHA provisions are similar to those in Title VII do we look to the federal courts' interpretation of Title VII as an aid in construing the FEHA.' [Citation.] Moreover, this court has observed that explicit differences between federal law and the FEHA 'diminish the weight of the federal precedents.' " (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1040 [6 Cal.Rptr.3d 441, 79 P.3d 556].) The antiretaliation provision of title VII provides, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." (42 U.S.C § 2000e-3(a).) This language is considerably more restrictive than the language of section 12940, subdivision (h). The federal statute prohibits an employer from retaliating against "any of his employees or applicants for employment." It says nothing about retaliating against other persons who complain about discrimination or harassment of employees.

Thus, we conclude that under the unique circumstances now before us, plaintiff's claim does not fail because she is a partner in the partnership she alleges has retaliated against her.

## Disposition

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. Plaintiff shall recover her costs on appeal.

McGuiness, P. J., and Siggins, J., concurred.