Filed 5/5/14  Avalon Land Co. v. Lee CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| AVALON LAND COMPANY, LLC, et al., | B245736 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC456112) |
| v. | |
| DAE YONG LEE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Joseph R. Kalin, Judge.  Dismissed in part and reversed and remanded in part.

Safarian Choi & Bolstad, David C. Bolstad, Jerome M. Jauffret for Plaintiffs and Appellants.

Law Office of Frank N. Lee, Frank N. Lee for Defendant and Respondent.

_____

Appellants Avalon Land Company, LLC (Avalon), and 435 Los Feliz LLC (Los Feliz) filed a third amended complaint that failed to properly allege a cause of action. On appeal, however, appellants have demonstrated a reasonable possibility of properly alleging breach of fiduciary duty and negligence causes of action. Accordingly, we reverse the judgment and direct the trial court to grant appellants leave to amend.

We further dismiss the appeal of purported appellant Kyung Ku Cho (Cho), against whom no judgment has been entered.

## BACKGROUND

This is one of a number of consolidated lawsuits arising out of a failed business relationship formed to develop a parcel of commercial property in Glendale. Plaintiffs—Cho, Avalon, and Los Feliz—filed suit against Dae Yong Lee, aka David Lee (Lee), in November 2011. Following the filing of a demurrer by Lee, plaintiffs filed a first amended complaint. Lee again filed a demurrer, which was sustained by the trial court with leave to amend. Plaintiffs filed a second amended complaint. Lee's demurrer to the second amended complaint was sustained, again with leave to amend.

Plaintiffs then filed the third amended complaint (TAC), the subject of this appeal. The TAC, which is largely vague and disjointed, alleged that Lee hired Coldwell Banker Commercial Wilshire Properties (Coldwell Banker) to represent him in the acquisition of a promissory note secured by undeveloped land, and that Robin Yi, a broker with Coldwell Banker, signed the representation agreement with Lee. Lee was personally liable for payment to Coldwell Banker for all services rendered to him.

Yi had formed Avalon and Lee purchased membership interests in the limited liability company. Neither Lee nor Avalon had sufficient funds to complete the purchase of the promissory note, so Lee and Yi made a plan to get the needed funds from Cho, a practicing neurologist who had no experience in the development of raw land. Yi was to persuade Cho to buy some of Lee's membership interests in Avalon with the help of a supposed attorney who, unknown to Cho, was unlicensed in California.

Cho explained that he had no experience in land development, but over the course of a number of meetings at Cho's home, Yi told Cho not to worry because he would

2

ensure his investments were safe and that Yi would be loyal to him. Yi convinced Cho that Cho could rely on him since he had successfully developed condominium projects and had a development team.

The TAC asserted that a fiduciary relationship was formed whereby Yi and Lee owed duties to Cho. It alleged that Lee, by himself and through his agent Yi, breached those duties by (i) not negotiating on behalf of Avalon with the bank selling the promissory note to purchase the note at a conventional discount so that following foreclosure a new loan could be obtained from the bank to develop the land, and by concealing from plaintiffs how this would affect the value of their investment; (ii) recommending the supposed attorney to represent Cho and Avalon notwithstanding the supposed attorney's conflicts of interest and lack of a license in California; (iii) concealing that the value of plaintiffs' interests was reduced because Avalon purchased the land through escrow instead of foreclosure so that Lee's $400,000 debt to Coldwell Banker, which was concealed from plaintiffs, would be paid by Avalon; and (iv) abandoning their promises to develop the land and instead leaving it to Cho to develop the land.

The TAC further alleged that Yi, on behalf of Lee, made intentional misrepresentations to Cho inducing him to buy some of Lee's membership interests in Avalon by falsely stating: (i) Lee would help develop the land; (ii) Lee would help Cho make wise investments; (iii) Lee would be loyal to Cho; and (iv) the supposed attorney was licensed in California. Cho believed and relied on these representations in purchasing interests in Avalon.

Finally, the TAC asserted that Lee was liable for negligence to Avalon because he (i) entered into agreements that cost Avalon $1.1 million, an expenditure that could have been avoided; (ii) entered into a development project without financing; (iii) obtained funding from members without a capital call; (iv) substantially overpaid for a nonperforming note; (v) overpaid for land without a viable appraisal; and (vi) did not advise plaintiffs of the foregoing and then withdrew financial support for Avalon, and thereafter competed with Avalon on another project.

3

Lee filed a demurrer to the TAC. The demurrer was sustained in its entirety. Leave to amend was denied, except for a cause of action for violation of California securities laws, a claim that only Cho was allowed to amend.

Cho thereafter filed a fourth amended complaint. A demurrer to that complaint was sustained on November 20, 2012.

Meanwhile, in October 2012, Lee filed an ex parte application to dismiss the action by Avalon and Los Feliz, against whom the demurrer to the TAC was sustained without leave to amend. The application was granted, and judgment was entered against Avalon and Los Feliz on October 17, 2012.

## DISCUSSION

### I. The proper appellants

The initial matter of dispute between the parties is: Who are the appellants to this appeal? The notice of appeal listed all three plaintiffs—Cho, Avalon, and Los Feliz. In their opening brief, however, appellants asserted that Avalon and Los Feliz were the only parties appealing and that Cho was incorrectly listed on the notice of appeal. Cho also filed a motion to withdraw his appeal.

Lee, on the other hand, asserts that Cho should be penalized for listing his name on the notice of appeal and some related documents, and that Cho should be considered a party to the appeal, regardless of whether a judgment was entered against him or not. Alternatively, Lee contends that Cho's purported appeal should be dismissed with prejudice to bringing any further appeals.

Reviewing the record, we find it clear that even if Cho had wished to appeal, he could not have. A party may only appeal from a final judgment or other orders made appealable by Code of Civil Procedure section 904.1. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.) The record contains no final judgment against Cho, who was allowed to amend the complaint, and actually did amend the complaint, after demurrer to the TAC was sustained.

A judgment was entered against Avalon and Los Feliz, so their appeal is proper. If he appeals in a timely manner, Cho may appeal a judgment entered against him. But

4

since the appeal here does not involve a final judgment pertaining to Cho, on our own motion we dismiss this appeal as to him.[1, 2]

## II. The demurrer

We review a ruling sustaining a demurrer de novo, exercising independent judgment as to whether the complaint states a cause of action as a matter of law. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We give the complaint a reasonable interpretation, assuming all properly pleaded material facts are true, but not assuming the truth of contentions, deductions or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

A demurrer tests the legal sufficiency of the complaint. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) As such, we are not concerned with the difficulties a plaintiff may have in proving the claims made in the complaint. (*Desai v. Farmers Ins. Exchange*, *supra*, 47 Cal.App.4th at p. 1115.) We are also unconcerned with the trial court's reasons for sustaining the demurrers, as it is the ruling, not the rationale, that is reviewable. (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631; *Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2.)

Avalon and Los Feliz argue that the trial court improperly sustained the demurrer as to three causes of action: breach of fiduciary duty, intentional misrepresentation (fraud), and negligence. To plead a breach of fiduciary duty claim a plaintiff must allege "the existence of a fiduciary relationship, breach of fiduciary duty, and damages." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) The elements of an intentional misrepresentation fraud claim are: "(1) a representation, (2) that is false, (3) made with knowledge of its falsity, and (4) with an intent to deceive, coupled with (5) actual detrimental reliance and (6) resulting damage." (*Lim v. The.TV Corp. Internat.* (2002) 99 Cal.App.4th 684, 694.) A negligence claim requires the defendant's duty to

---

[1]   Cho's motion to withdraw his appeal is denied as moot.

[2]   The request for judicial notice filed by Lee on March 19, 2004, is granted. His motion to dismiss Cho's appeal filed on the same date is denied as moot.

5

use due care, breach of that duty, and proximate or legal cause of resulting injury. (*Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 629.)

Avalon and Los Feliz failed to allege any of these three causes of action sufficiently. The defects in the TAC largely arise from its vagueness. The TAC fails to adequately explain any of the plaintiffs' relationships to each other or the relationship between Avalon, Los Feliz, and Lee. Indeed, Los Feliz is only mentioned once in the entire TAC, where it is described as "a limited liability company organized and existing under the laws of the State of California . . . ."

As such, it is impossible from the TAC to discern how any type of fiduciary relationship could exist between Avalon and Los Feliz, on the one side, and Lee on the other. The TAC does also not allege facts showing that Lee owed a duty to either Avalon or Los Feliz, a necessary component of a negligence claim. Further, the intentional misrepresentation claim relies on facts only relating to Cho—that false representations were made to him and that he relied on them. Thus, the demurrer against Avalon and Los Feliz was correctly sustained.

Nevertheless, if there is a reasonable possibility a plaintiff can amend a complaint to allege a cause of action, amendment should be granted. (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.) A party may demonstrate how amendment is warranted for the first time on appeal. (*Ibid.*)

In this appeal, Avalon and Los Feliz have demonstrated a reasonable possibility that they can sufficiently amend their breach of fiduciary duty and negligence causes of action. They contend that Los Feliz invested $3 million in Avalon, and that Los Feliz and Lee were both members of Avalon, a limited liability company. A member of a member-managed limited liability company owes fiduciary duties of loyalty and care to the company itself and other members. (Corp. Code, § 17704.09, replacing former Corp. Code, § 17153.) Thus, Avalon and Los Feliz have shown that they may be able to allege that they were owed duties by Lee, and that Lee breached those duties. They should be given the opportunity to amend their complaint to make allegations curing the defects in

6

their complaint with respect to the breach of fiduciary duty and negligence causes of action.

Lee argues that neither Avalon nor Los Feliz argued in the trial court that they were owed duties under the Corporations Code, and that they thereby waived such an argument or otherwise conceded that no duties were owed. This argument is not well taken. "An appellate court may . . . consider new theories on appeal from the sustaining of a demurrer to challenge or justify the ruling. As a general rule a party is not permitted to change its position on appeal and raise new issues not presented in the trial court. [Citation.] This is particularly true 'when the new theory depends on controverted factual questions whose relevance thereto was not made to appear' in the trial court. [Citation.] However, 'a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts.' [Citations.] A demurrer is directed to the face of a complaint (Code Civ. Proc., § 430.30, subd. (a)) and it raises only questions of law (Code Civ. Proc., § 589, subd. (a); [citation]). Thus an appellant challenging the sustaining of a general demurrer may change his or her theory on appeal [citation], and an appellate court can affirm or reverse the ruling on new grounds. [Citations.] After all, we review the validity of the ruling and not the reasons given. [Citation.]" (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.) Lee will have the opportunity to challenge the sufficiency of appellants' newly amended complaint in the trial court, including allegations pertaining to any allegedly owed duty.[3]

As for appellants' intentional misrepresentation cause of action, they have failed to demonstrate how it can be adequately amended. Simply because misrepresentations may have been made to Cho does not mean that Avalon or Los Feliz were harmed, and neither appellant contends that they relied on any purported misrepresentations. Furthermore, the TAC's allegations relating to Avalon and Los Feliz clearly fail to meet the heightened pleading standards required of an intentional misrepresentation claim. Fraud must be

---

[3]     Lee's motion for sanctions is denied.

7

pled with specificity, and general and conclusory allegations will not suffice. (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 993.)  The intentional misrepresentation cause of action is pleaded only with facts relating to Cho, and Avalon and Los Feliz appear incapable of curing this defect.

## DISPOSITION

The appeal is dismissed as to Cho.  The judgment is reversed and, on remand, the trial court is directed to grant Avalon and Los Feliz leave to file an amended complaint to allege breach of fiduciary duty and negligence causes of action.

Each party to bear its own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.