Filed 12/21/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOANNA MODACURE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>B&B VEHICLE PROCESSING, INC. et al.,<br><br>        Defendants and Respondents. | A151799<br><br>(Alameda County<br>Super. Ct. No. RG15781515) |

Plaintiff and appellant Joanna Modacure (plaintiff) appeals from the trial court's dismissal of her Second Amended Complaint (SAC) after the court sustained the defendants' demurrer without leave to amend. We reverse as to one of the two causes of action in the SAC.

On review of a demurrer sustained without leave to amend, we accept the factual allegations of the complaint as true and review the pleading de novo to determine whether the facts as pleaded state a cause of action. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal 4th 962, 966–967; *Satten v. Webb* (2002) 99 Cal.App.4th 365, 374–375.) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of law or fact.' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

The SAC, filed March 2017, alleges that defendant City of Oakland (City) contracted with defendant B&B Vehicle Processing (B&B) to tow vehicles with more

1

than five parking citations.[1]  In 2010 a "black chev" owned by plaintiff was towed and sold due to $841 in parking tickets and "boot fees."  Appellant was not given notice that proceeds from the sale of the car were used only to pay B&B for towing and storage, and not to pay off the unpaid tickets.  In July 2015, a "2002 black Mercedes" owned by plaintiff was towed due to $1244 in unpaid tickets and "boot fee[s]."  Plaintiff was unable to afford to recover the Mercedes once she discovered the parking tickets associated with the "black chev" remained unpaid.

The SAC asserts two causes of action.  The first, for conspiracy (42 U.S.C. § 1985(3)), alleges the defendants entered into "hidden agreements to allow some defendants to keep proceeds from lien sales of vehicles" in violation of Vehicle Code section 22851.1.[2]  The SAC alleges the defendants met in 2013–2015 "to agree to hidden agreement not to enforce state law in paying off unpaid parking tickets by not monitoring or obtaining revenue from lien sales conducted by" B&B.  The SAC also alleges plaintiff was not notified of the amount for which her car was sold (presumably the "black chev") or that "there were no extra funds to pay unpaid parking tickets in accord with" section 22851.1.

As to the second cause of action, for denial of due process and equal protection, the SAC alleges defendants prevented plaintiff from recovering her Mercedes by failing to pay off the unpaid parking tickets on the "black chev" in 2010, in violation of section 22851.1.  The SAC also alleges plaintiff was not notified "about unpaid parking tickets not paid off in 2010."

All four defendants demurred to the SAC, and the trial court sustained the demurrer without leave to amend.  The court dismissed the case against defendants and the present appeal followed.

---

[1] According to the SAC, the other defendants are "Oakland Parking Citation Assistance Center," which "works under [City and] keeps track by computer of every auto seized by City," and Paylock, a New Jersey company also involved in the towing of vehicles.  Only the City filed a brief on appeal.  B&B and Paylock joined in the City's brief; there is no indication the Parking Citation Assistance Center is independent of the City.

[2] All undesignated statutory references are to the Vehicle Code.

On appeal, plaintiff contends the trial court erred in granting the demurrer as to the conspiracy claim because defendants "agreed to a plan that would allow City agent [B&B] and Paylock to boot and seize vehicles, and keep surplus proceeds from sale." The SAC alleges the meetings took place in 2013–2015, but the SAC alleges the "black chev" was sold in 2010, *before the alleged formation of the conspiracy.*[3]  Therefore, assuming there were proceeds left over from the sale that could have been used to pay the unpaid parking tickets, any failure of defendants to do so in 2010 was not "an act in furtherance of the conspiracy." (*Addisu v. Fred Meyer, Inc.* (9th Cir. 2000) 198 F.3d 1130, 1141.)  Neither does plaintiff identify any other alleged acts in furtherance of the conspiracy.  The trial court did not err as to the conspiracy claim.

Plaintiff's second cause of action, for denial of due process and equal protection, is a claim under 42 U.S.C. section 1983.  That statute was enacted "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." (*Wyatt v. Cole* (1992) 504 U.S. 158, 161; see also *Karim-Panahi v. Los Angeles Police Dep't* (9th Cir. 1988) 839 F.2d 621, 624 (*Karim-Panahi*).)  The trial court concluded plaintiff failed "to allege a constitutional basis for the claim; rather the claim is based on a purported violation of" section 22851.1.  The court also asserted that section 22851.1 "does not specifically require the moving Defendants to use the proceeds of lien sales to pay off unpaid parking tickets on the sold vehicles."

At the outset, we reject the trial court's conclusion that plaintiff failed to allege a violation of section 22851.1, which relates to the disposition of proceeds from the sale of impounded vehicles.  Subdivision (b) of section 22851.1 provides that "[a] local authority impounding a vehicle" for unpaid parking tickets "shall have a lien dependent upon possession by the keeper of the garage for satisfaction of bail for all outstanding notices of parking violation issued by the local authority for the vehicle . . . .  This lien shall be subordinate in priority to the lien established by Section 22851, *and the proceeds of any*

---

[3] Plaintiff's opening brief refers to meetings from 2011-2015, but the SAC does not allege meetings earlier than 2013.

3

*sale shall be applied accordingly.*" (Emphasis added.) Section 22851 provides the keeper of a garage a lien for towing and storage. Thus, the plain language of section 22851.1, subdivision (b), requires that proceeds from a sale of an impounded vehicle be used to pay unpaid parking tickets if funds remain after paying for towing and storage. In its brief on appeal, the City makes no attempt to address the plain language of section 22851.1, subdivision (b), providing the remaining "proceeds of any sale shall be applied" to satisfy "outstanding notices of parking violation."

We also reject the trial court's conclusion that a claim under 42 U.S.C. section 1983 cannot be based on a violation of section 22851.1, subdivision (b). The SAC alleges, "plaintiff was denied Due Process and Equal Protection of the law because of City failure to enforce section 22851.1." A claim under 42 U.S.C. section 1983 may be based on a showing that the defendant, acting under color of state law, deprived the plaintiff of a federally protected right. (42 U.S.C. § 1983; *Karim-Panahi*, *supra*, 839 F.2d at p. 624.) It is clear plaintiff had a property interest in the disposition of the proceeds of the sale of her car protected by the due process clause. (*Stypmann v. City & Cty. of San Francisco* (9th Cir. 1977) 557 F.2d 1338, 1342 ["Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause."]; see also *Scofield v. City of Hillsborough* (9th Cir. 1988) 862 F.2d 759, 762 ["The uninterrupted use of one's vehicle is a significant and substantial private interest."].) Accordingly, plaintiff properly alleged that the failure to enforce section 22851.1, which allegedly resulted in misallocation of the car sale proceeds, was a violation of her federal constitutional right to due process.[4]

The trial court's opinion states no other ground for sustaining the demurrer to the second cause of action in the SAC, and the City's brief on appeal and the demurrer below suggest no alternate basis to affirm. We offer no opinion on whether plaintiff's claim

---

[4] Plaintiff also argues that "due process require[s] notice to [a] vehicle owner informing him/her [of the] disposition of [a] vehicle after sale as to whether surplus proceeds were available to pay off liens." Because we reverse on the basis of the alleged violation of section 22851.1, we need not address whether appellant also could state a claim based on lack of notice.

4

suffers from other legal defects, but the trial court erred in sustaining the demurrer to plaintiff's second cause of action on the grounds stated. (See *Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631 ["We affirm if any *ground offered in support of the demurrer* was well taken" (italics added)].)[5]

## DISPOSITION

The trial court's order dismissing plaintiff's claims against the defendants is reversed and the trial court's May 30, 2017 order sustaining defendants' demurrer is vacated. The trial court is directed to enter a new order sustaining the demurrer as to the first cause of action in plaintiff's Second Amended Complaint and denying the demurrer as to the second cause of action. Costs on appeal are awarded to plaintiff.

---

[5] For the first time at oral argument, the City argued plaintiff failed to state a claim because the SAC does not allege satisfaction of the conditions in section 22851.1, subdivision (c), which are necessary for the City to have a valid lien for a parking violation. The City cannot rely on that ground on appeal because it was not asserted in the demurrer. (*Mendoza v. Town of Ross*, *supra*, 128 Cal.App.4th at p. 631.) In any event, a "reasonable inference[]" (*Busse v. United PanAm Financial Corp.* (2014) 222 Cal.App.4th 1028, 1035) from the SAC is that the City had a valid lien because plaintiff does not allege the parking tickets on the "black chev" were paid or invalid, and she admits ownership. (See § 22851.1, subdivision (c).) The City and B&B also argued at oral argument that plaintiff failed to state a claim because the SAC does not allege there were proceeds remaining after the sale of the "black chev" that could have been applied to her parking tickets. Respondents may not rely on that ground, which was not asserted in the demurrer. (*Mendoza*, at p. 631.) In any event, the SAC alleges that respondents "refus[ed] to pay off unpaid tickets" in the sale of the "black chev" and that the City "fail[ed] to enforce [section] 22851.1 and pay off unpaid parking tickets." A reasonable inference from those allegations is that there were excess proceeds, because otherwise there could not have been any refusal to pay off tickets or violation of section 22851.1 in that respect.

5

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.[*]

(A151799)

_____

[*] Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Superior Court of Alameda County, No. RG15781515, Hon. Michael Markman, Judge.

Joanna Modacure, in pro. per., for Plaintiff and Appellant.

Barbara J. Parker, City Attorney, Otis McGee, Jr., Chief Assistant City Attorney, Colin Bowen and Christina Lum, Deputy City Attorneys, for Respondent City of Oakland.

Martin APC, Kevin Martin for Defendant and Respondent Paylock.

King, King & Zatkin, George King and Michael G. Zatkin for Defendant and Respondent B&B Vehicle Processing Inc.