NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MERRITT; SALMA MERRITT, Plaintiffs-Appellants, v. COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; et al., Defendants-Appellees. | No. 16-16311 D.C. No. 5:09-cv-01179-BLF MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted August 22, 2019**

Before:     LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Salma Merritt and David Merritt appeal pro se from the district court's

judgment dismissing their action alleging violations of federal and state law arising

from the purchase and financing of their residence.  We have jurisdiction under 28

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal based on applicable statute of limitations); *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004) (dismissal based on res judicata). We may affirm on any basis supported by the record. *Thomson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed the Merritts' claims against defendant John Benson as barred by the doctrine of res judicata because the claims were based on the same primary right the Merritts asserted in a prior state court action. *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory." (citation omitted)); *In re Estate of Dito*, 130 Cal. Rptr. 3d 279, 286 (Ct. App. 2011) ("Under the doctrine of res judicata, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by taking judicial notice of certain state court documents without converting Benson's motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-

16-16311

89 (9th Cir. 2001) (setting forth standard of review and describing documents that a district court may take judicial notice of when ruling on a Rule 12(b)(6) motion).

The Merritts' challenges to the state court proceedings fail because the district court lacked authority to review state court decisions or issues "inextricably intertwined" with those decisions. *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) ("A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

We reject as without merit the Merritts' contentions that the district court erred by failing to explain the primary rights doctrine to the Merritts' prior to dismissal and by failing to address issues related to claims precluded by the state court ruling.

The district court properly dismissed the Merritts' claims for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")

because the claims are time-barred and the Merritts failed to allege facts sufficient to state plausible claims for relief. *See Pincay v. Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001) (civil RICO claims have a four-year statute of limitations, which begins to run when a plaintiff knows or should have known of the injury underlying the action); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Fed. R. Civ. P. 9(b)'s particularity requirement applies to RICO claims and state law claims that allege fraudulent conduct).

The district court properly deemed certain claims abandoned because the Merritts failed to reallege those claims in their third amended complaint. *See First Resort, Inc. v. Herrera*, 860 F3d 1263, 1274 (9th Cir. 2017) (failure to replead claims in an amended complaint amounts to abandonment of those claims).

We reject, as unsupported by the record, the Merritts' contention that the district court improperly applied a summary judgment standard when dismissing under Rule 12(b)(6) plaintiff's claims arising under RICO, the Fair Housing Act and the Equal Credit Opportunity Act.

We also reject, as unsupported by the record, the Merritts' contention that the district court failed to consider whether the Merritts' home equity line of credit

is subject to rescission under the Truth in Lending Act.

The district court did not abuse its discretion by denying the Merritts leave to file a fifth amended complaint because the Merritts already had multiple opportunities to amend, their proposed amended complaint would not cure the deficiencies in the previous complaints, and the addition of defendants would cause prejudice and delay. *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999) (leave not granted if amendment "would cause prejudice to the opposing party ... is futile, or creates undue delay."); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (standard of review).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Merritts' motion to take judicial notice (Docket Entry No. 59) is denied as unnecessary.

**AFFIRMED.**