[No. A128921. First Dist., Div. Three. July 29, 2011.]

Estate of FRANK P. DITO, Deceased.
BARBARA MERRITT et al., Petitioners and Appellants, v.
ELENICE S. DITO, Objector and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 4., 5. and 6. of the Discussion.

**COUNSEL**

Barulich Dugoni Law Group, Randall B. Schmidt and Kevin M. Rodriguez for Petitioners and Appellants.

Ramin Mozaffar and Mark Adrien Gullotta for Objector and Respondent.

**OPINION**

**McGUINESS, P. J.**—In an earlier appeal arising out of this probate matter, we affirmed the trial court's ruling that respondent Elenice S. Dito is the surviving spouse of decedent Frank P. Dito[1] and is entitled to receive a share of his estate as an omitted spouse pursuant to Probate Code[2] section 21610 et seq. After the earlier appeal had been decided, appellants Barbara and George Merritt filed a petition alleging that Elenice is liable for financial elder abuse committed against Frank. The trial court sustained a demurrer to the petition without leave to amend on the ground the claim was barred by the doctrine of res judicata.

---

[1] To avoid confusion, where appropriate we use the first names of family members who share a common surname. We intend no disrespect by this informality. (*Warfield v. Summerville Senior Living, Inc.* (2007) 158 Cal.App.4th 443, 445, fn. 1 [69 Cal.Rptr.3d 783].)

[2] All further statutory references are to the Probate Code unless otherwise specified.

■ We conclude the trial court erred. Because the primary right at issue in appellants' petition is different from the one at issue in the earlier appeal, the petition is not barred as a matter of law on the basis of res judicata. Nevertheless, we conclude the demurrer should have been sustained on other grounds, albeit with leave to amend.

## FACTUAL AND PROCEDURAL HISTORY

In reviewing an order sustaining a demurrer, we would ordinarily take the factual background from the properly pleaded material allegations of the complaint. (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) Here, however, because one of the claimed grounds for the demurrer is res judicata, we must necessarily consider the prior judgment that purportedly has res judicata effect. (See *Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 225 [103 Cal.Rptr.3d 124] [court may take judicial notice of court records in considering demurrer based on res judicata].) Therefore, we begin by summarizing the prior judgment that allegedly precludes appellants' petition.[3]

### *Summary of Prior Appeal*

Elenice was born in Brazil. She came to the United States in the early 1990's to work as a housekeeper for a Brazilian family. Elenice began working as a live-in housekeeper for decedent Frank Dito and his wife, Rosana, after being introduced to them in late 1994 or early 1995. The couple were elderly and physically impaired when Elenice began working for them. Elenice's visa did not permit her to work legally for the Ditos.

Rosana died in December 1995. Elenice continued to live with Frank and care for him after Rosana's death. At some point in 1997, Frank and Elenice began discussing marriage as an option. They were married in August 1997. At the time of their marriage, Frank was 94 years old and Elenice was 28 years old. Before they were married, Frank and Elenice entered into a prenuptial agreement. The agreement provided that both parties waived their right to alimony, maintenance, or spousal support in the event of divorce, death, or dissolution of marriage.

---

[3] The appendix provided by appellants contains only the odd-numbered pages of our opinion in the prior appeal. On the court's own motion, we take judicial notice of the entirety of our nonpublished opinion in *Estate of Dito* (Mar. 28, 2008, A116815). (Evid. Code, § 452, subd. (d); Cal. Rules of Court, rule 8.1115(b)(1).)

Frank and Rosana had one child, appellant Barbara Merritt, who is married to appellant George Merritt. Barbara was the trustee of her parents' living trust.

Frank died in December 2004. In early 2005, Elenice filed a petition for letters of administration. Barbara filed a competing petition to administer Frank's estate and to admit his will to probate. Barbara attached to her petition a pour-over will executed by Frank in 1994 that identified Rosana as his wife. The will did not mention Elenice. In July 2005, Frank's grandson, Terrence, filed a petition to administer the estate. Barbara withdrew her petition to administer Frank's estate in favor of her son, Terrence.

In October 2005, Elenice filed a petition seeking, among other things, her share of Frank's estate as an omitted spouse, a determination that the prenuptial agreement is unenforceable, and a determination that the surviving spouse's waiver in the prenuptial agreement is unenforceable. She also sought an accounting and a reconveyance of trust assets allegedly transferred to Barbara. She further alleged that Barbara was liable for financial elder abuse and should be deemed to have predeceased Frank pursuant to section 259 as a result of the elder abuse.

Upon stipulation of the parties, the trial court ordered the issues raised by the competing petitions bifurcated so that the following issues could be tried before all other issues in the case: (1) whether Elenice is the surviving spouse of Frank and is entitled to receive a share of his estate pursuant to section 21610 et seq.; (2) whether the prenuptial agreement is enforceable; and (3) whether the surviving spouse's waiver contained in the prenuptial agreement is enforceable. The parties' stipulation explains that they agreed "the Court should first decide whether Elenice S. Dito is the omitted spouse of Frank P. Dito . . . and whether the Premarital Agreement . . . and the surviving spouse's waiver contained therein, are enforceable, and that, in the event that the Court decides that Elenice S. Dito is the omitted spouse of Frank P. Dito . . . and that the Premarital Agreement . . . and the surviving spouse's waiver contained therein are enforceable, the Court will then try all other remaining issues in this case."

The court conducted a bench trial on the three issues identified in the bifurcation order. In an order filed December 8, 2006, the court ruled that Elenice is the surviving spouse of Frank and is entitled to receive a share of his estate pursuant to section 21610 et seq. The court further ruled that the

prenuptial agreement was invalid and unenforceable. For the same reasons it found the prenuptial agreement invalid, the court ruled that the spousal waiver contained in the agreement was likewise invalid.

Terrence appealed. He claimed the marriage between Frank and Elenice was void because it was entered into for the sole purpose of allowing an illegal immigrant to remain in the United States. He also contended the prenuptial agreement was valid and that the surviving spouse's waiver should be given effect. In a nonpublished opinion filed March 28, 2008, we affirmed the trial court's order. We concluded Terrence lacked standing to challenge the validity of his grandfather's marriage on the grounds he raised. We also concluded the prenuptial agreement was unenforceable because it was both procedurally and substantively unconscionable. Terrence sought review in the Supreme Court, which denied his petition.

### *Post-appeal Procedural History*

Following the issuance of the remittitur, Terrence filed a petition seeking a hearing on whether Elenice is exempted from receiving a share of Frank's estate as an omitted spouse. Terrence relied on section 21611, subdivision (b), which in general provides that an omitted spouse is not entitled to a share of the estate under section 21610 if the decedent intended to and did provide for the spouse by means other than the testamentary instrument. Terrence claimed this issue had never been decided or litigated. The court denied the petition on the basis of res judicata, reasoning that "[t]he stipulation for bifurcated trial issues referred to Elenice Dito's entitlement under Probate Code section 21610 'et seq.' " The court stated that "any challenge under [section] 21611 should have been raised at trial."

On February 10, 2010, appellants Barbara and George Merritt filed the petition that is the subject of this appeal, entitled "Petition to Determine Entitlement to Receive Omitted Spousal Share." In the petition, appellants allege that Elenice committed financial elder abuse against Frank (Welf. & Inst. Code, § 15610.30[4]) and, as a consequence, that Elenice should be deemed to have predeceased Frank pursuant to section 259. As support for the petition, appellants allege that Elenice paid her friends amounts totaling at least $19,357 from her joint account with Frank. Attached to the petition are

---

[4] Appellants cite to Welfare and Institutions Code section 15610.63, which refers to physical abuse. Presumably, appellants intended to rely on Welfare and Institutions Code section 15610.30, which refers to financial abuse.

copies of checks with dates ranging from December 2000 until the date of Frank's death in 2004. Because Elenice did not have paid employment outside the marital home, it is alleged the funds paid to Elenice's friends necessarily belonged to Frank and were not used for his benefit. It is further alleged that Frank suffered from dementia as of April 2002, and that many of the checks were written after that date. According to the petition, "[w]hile Frank P. Dito may have owed an obligation to support *Elenice*, he certainly did not owe an obligation to support her friends." Appellants seek a determination that Elenice is deemed to have predeceased Frank pursuant to section 259 as a result of the elder abuse. Further, they allege that by operation of law Elenice would "not be the 'surviving spouse' under the Probate Code irrespective of the validity of the marriage." Appellants also seek compensatory damages, punitive damages, and attorney fees and costs.

Elenice demurred to the petition. She argued the elder abuse claim fails as a matter of law because (1) it is barred by the four-year statute of limitations, (2) it is barred by the doctrine of res judicata in that the court had already determined Elenice's entitlement to receive a share of the estate or trust, (3) appellants lack the capacity to sue for elder abuse because only the personal representative—i.e., Elenice—could pursue such a claim, and (4) the petition fails to state facts sufficient to state a cause of action because there were no allegations that Elenice acted with oppression, fraud, or malice when making the purportedly abusive distributions. As to the claim that Elenice should be deemed to have predeceased Frank under section 259, Elenice demurred on the ground that the claim necessarily fails if the court grants the demurrer to the elder abuse claim. She also contended the petition fails to state a cause of action under section 259 because there are no factual allegations that she acted in bad faith or that the decedent was substantially unable to manage his financial resources or resist fraud or undue influence at the time the alleged abuse occurred.

In an order filed May 4, 2010, the trial court sustained the demurrer without leave to amend. The court based its decision solely on res judicata grounds, reasoning as follows: "Here the spousal share was explicitly determined in the trial conducted before the Hon. Rosemary Pfeiffer. . . . That decision was ultimately appealed to the Supreme Court and is now final. The court judgment contains the following language: 'Elenice S. Dito is the surviving spouse of Frank P. Dito and is entitled to receive a share of his estate and trust pursuant to Probate Code § 21610 et seq.' . . . [¶] All parties had a fair opportunity to litigate the issue. On December 8, 2008, the court struck Terrance Merrit's [*sic*] attempt to relitigate the issue after the return of jurisdiction to this court on the grounds of res judicata. [¶] [Appellants']

latest attempt to plead the same spousal property entitlement under a theory of financial elder abuse is similarly barred. The issue could have been raised at the prior trial." The court stated that the question of whether causes of action "are identical for purposes of claim preclusion" is whether the primary right sought to be protected is the same in the two actions. The court reasoned as follows: "The primary right in both the action tried and that before the court today is the entitlement of Elenice Dito to receive a share of the estate and trust of Frank Dito as a surviving spouse. The same interest was litigated by both [Terrence] at trial and the [appellants] here." In view of its ruling that the claims were barred by the doctrine of res judicata, the court did not reach any of the other grounds for the demurrer.

Appellants appealed from the order sustaining the demurrer without leave to amend.

## DISCUSSION

### 1. *Appealability*

An order sustaining a demurrer without leave to amend is not an appealable order.[5] (*Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 202 [33 Cal.Rptr.3d 617].) "Rather, an appeal is properly taken from the order of dismissal. [Citations.]" (*Quick v. Pearson* (2010) 186 Cal.App.4th 371, 377, fn. 2 [112 Cal.Rptr.3d 62].)

Here, appellants' appeal is taken from the order sustaining the demurrer without leave to amend. They concede there is no formal order dismissing their petition. It is unclear why they failed to secure an order of dismissal. Nevertheless, appellants argue that where it is clear the court intended to entirely dispose of the action, we are empowered to amend the order to make

---

[5] The fact the order here was entered in a probate proceeding does not alter the conclusion the order is nonappealable. (See *Estate of O'Brien* (1966) 246 Cal.App.2d 788, 792, fn. 7 [55 Cal.Rptr. 343].) In probate matters, there is no right of appeal unless the Probate Code specifically authorizes an appeal from the challenged order. (*Estate of Weber* (1991) 229 Cal.App.3d 22, 24 [280 Cal.Rptr. 22].) Because the appeal in this case involves a petition raising a factually related claim that could have been brought as a separate civil action (see § 855), the relevant statute authorizing an appeal is section 1300, subdivision (k), which provides that an appeal may be taken from an order "[a]djudicating the merits of a claim made under Part 19 (commencing with Section 850) of Division 2." An order described in section 1300, subdivision (k) that rejects a claim on the merits must include or be followed by a judgment of dismissal before an appeal may be taken. This is so because the decision is not final until a judgment is entered. (See *Berri v. Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8].)

it an appealable judgment of dismissal. (See *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 920 [167 Cal.Rptr. 831, 616 P.2d 813]; *Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 6 [120 Cal.Rptr.2d 808].) Under the circumstances presented here, we agree. The order sustaining Elenice's demurrer was a final adjudication of all of the causes of action contained in the petition. No purpose would be served by dismissing the appeal and requiring appellants to file a new appeal after securing a judgment of dismissal in the trial court. Elenice has not been prejudiced or misled by the failure to secure a judgment of dismissal. Indeed, she has not challenged the appealability of the order but has instead responded to the appeal on its merits. Accordingly, we shall amend the court's May 4, 2010 order sustaining the demurrer without leave to amend to specify that it is a judgment of dismissal as to appellants' petition. (See *Swain v. California Casualty Ins. Co., supra*, 99 Cal.App.4th at p. 6.) Having deemed the order to be an appealable judgment, we proceed to consider the appeal on its merits.

## 2. *Standard of Review*

We employ two separate standards of review when considering a trial court order sustaining a demurrer without leave to amend. (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 791 [71 Cal.Rptr.3d 885].) We first review the complaint de novo to determine whether it contains facts sufficient to state a cause of action under any legal theory. (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433 [110 Cal.Rptr.3d 498].) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.]' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) "We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. [Citations.] We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale. [Citation.]" (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631 [27 Cal.Rptr.3d 452].)

If we determine the facts as pleaded do not state a cause of action, we then consider whether the court abused its discretion in denying leave to amend the complaint. (*McClain v. Octagon Plaza, LLC, supra*, 159 Cal.App.4th at pp. 791–792.) It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable

possibility that the defect can be cured by amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].)

### 3. *Res Judicata*

Appellants argue that the trial court erred in concluding their petition is barred by the doctrine of res judicata. As we explain, we agree with appellants that the claims raised in their petition are not identical to the issues litigated in the prior proceeding.

█ " 'Res judicata' describes the preclusive effect of a final judgment on the merits." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 [123 Cal.Rptr.2d 432, 51 P.3d 297].) It "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Id.* at p. 896.) Under the doctrine of res judicata, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (*Id.* at p. 897.)

A claim raised in a second suit is "based on the same cause of action" as one asserted in a prior action if they are both premised on the same "primary right." (See *Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at p. 904.) "The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based. [Citation.] The scope of the primary right therefore depends on how the injury is defined. A cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty. [Citation.]" (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202 [24 Cal.Rptr.3d 543]; accord, *Mycogen v. Monsanto Co., supra,* 28 Cal.4th at pp. 904–906.)

Here, the trial court reasoned that the primary right at issue in both the prior judgment and the petition filed by appellants is Elenice's right to receive a share of the estate and trust as a surviving spouse. Likewise, Elenice argues on appeal the analysis should be viewed "at a higher level of abstraction" and that the primary right at issue in both proceedings is her entitlement to the decedent's estate and trust.

█ The primary right at issue in the former proceeding was Elenice's own right under section 21610 to receive a share of the decedent's estate as an omitted spouse. Section 21610 provides that, except as set forth in section 21611, if a decedent fails to provide for a surviving spouse in a testamentary instrument executed before the marriage to the surviving spouse, the omitted spouse is entitled to receive a share of the decedent's estate as provided in the statute. Specifically, the omitted spouse is entitled to one-half of the decedent's community and quasi-community property plus a share of the decedent's separate property as specified in the statute. (§ 21610, subds. (a)–(c).)

Section 21611 provides in general that an omitted spouse is *not* entitled to a share of the estate under section 21610 if *any* of three circumstances are established: (1) the decedent intended to omit the surviving spouse from the testamentary instrument; (2) the decedent provided for the surviving spouse by transfer outside the testamentary instrument and intended that such transfer was in lieu of a provision for the surviving spouse in the testamentary instrument; or (3) the surviving spouse made a valid agreement waiving the right to a share of the decedent's estate.

Among the issues the parties contested in the prior proceeding were the validity of Elenice's marriage to Frank and the validity of the spousal waiver contained in the prenuptial agreement. It was necessary to resolve these issues to determine the primary right asserted by Elenice—i.e., her status as an omitted spouse entitled to receive a share of Frank's estate under section 21610 et seq.

The primary right at issue in appellants' petition is different from that considered in the prior proceeding. As stated in the petition, appellants seek a finding that Elenice committed financial elder abuse against Frank. (See Welf. & Inst. Code, § 15610.30.) " 'The purpose of the [Elder Abuse Act (Welf. & Inst. Code, § 15600 et seq.)] is essentially to protect a particularly vulnerable portion of the population from gross mistreatment in the form of abuse and custodial neglect.' [Citations.]" (*Estate of Lowrie* (2004) 118 Cal.App.4th 220, 226 [12 Cal.Rptr.3d 828].) Thus, the primary right addressed by the petition is that of Frank not to be abused or defrauded. This primary right belongs to Frank and interested persons entitled to assert that right on his behalf. (See Welf. & Inst. Code, § 15657.3, subd. (d) [personal representative or other interested person may pursue elder abuse action on behalf of decedent].)

■ The financial elder abuse allegations have no bearing upon the determination of whether Elenice is an omitted spouse entitled to receive a share of Frank's estate pursuant to sections 21610 and 21611. Section 21610 specifies that an omitted spouse shall be entitled to a share of the estate unless one or more of the exceptions in section 21611 applies. A finding of elder abuse is not one of the listed exceptions. Thus, even if the elder abuse issue had been raised in the prior proceeding, it would have been improper for the court to rely on a determination that Elenice committed financial elder abuse as the basis for denying her entitlement to a share of the estate under section 21610 et seq.

Appellants' petition also seeks a determination that Elenice is deemed to have predeceased Frank pursuant to section 259 as a result of the elder abuse. The purpose of section 259 is to "deter the abuse of elders by prohibiting

abusers from benefiting from the abuse. [Citations.]" (*Estate of Lowrie, supra*, 118 Cal.App.4th at p. 229.) The primary right at issue under section 259 remains the right of Frank to remain free from abuse. Section 259 simply provides a remedy for that primary right. Nevertheless, the claim under section 259 presents a closer issue than the elder abuse claim on which it is predicated because it appears to seek a result directly at odds with the court's previous determination that Elenice is entitled to a share of the estate as an omitted spouse. As we explain, a section 259 claim is distinct from, and unrelated to, a claim that an omitted spouse is entitled to a share of the estate.

■ The parties and the court below appear to be operating under the assumption that a person found liable for elder abuse is deemed to have predeceased the decedent for purposes of *any* entitlement to property, interests, and benefits the abuser would otherwise receive by reason of the decedent's death. While that may be the practical effect of section 259 in some cases, the statute does not necessarily disinherit an abuser entirely but rather restricts the abuser's right to benefit from his or her abusive conduct.[6] (See 14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 302, p. 387; 2 Ross, Cal. Practice Guide: Probate, *supra*, ¶ 14.535, pp. 14-106 to 14-107 (rev. # 1, 2009).) Section 259, subdivision (a) provides in pertinent part that "[a]ny person shall be deemed to have predeceased a decedent *to the extent provided in subdivision (c)*" (italics added) where it is proven that the person is liable for elder abuse of the decedent, acted in bad faith, and was reckless, oppressive, fraudulent, or malicious in the commission of the abuse. Subdivision (c), in turn, provides in relevant part that "[a]ny person found liable under subdivision (a) . . . shall not (1) receive any property, damages, or costs that are awarded to the decedent's estate in an action described in subdivision (a) . . . , whether that person's entitlement is under a will, a trust, or the laws of intestacy . . . ."[7]

■ Thus, a person found liable under subdivision (a) of section 259 is deemed to have predeceased the decedent only to the extent the person would

---

[6] By contrast, in the case of a person who intentionally and feloniously kills the decedent, that person is deemed to have predeceased the decedent for purposes of any property, interests, or benefits the person would otherwise be entitled to receive by reason of the decedent's death. (§ 250, subds. (a) & (b); see 2 Ross, Cal. Practice Guide: Probate (The Rutter Group 2010) ¶ 14.525, p. 14-103 (rev. # 1, 2009).)

[7] In addition, subdivision (c)(2) of section 259 prevents any person found liable under section (a) or convicted of criminal elder abuse from serving as a personal representative or other fiduciary if the instrument nominating or appointing the abuser was executed during the period when the decedent was "substantially unable to manage his or her financial resources or resist fraud or undue influence."

have been entitled through a will, trust, or laws of intestacy to receive a distribution of the damages and costs the person is found to be liable to pay to the estate as a result of the abuse.[8] Section 259 does not necessarily eliminate the abuser's entitlement to a share of the estate; it simply restricts the value of the estate to which the abuser's percentage share is applied and prevents that person from benefiting from his or her own wrongful conduct.

In this case, the section 259 claim advanced by appellants does not affect or threaten the prior determination that Elenice is a surviving omitted spouse under section 21610. Elenice retains that status and is entitled to her share of the estate as specified in section 21610, although she is not allowed to share in any damages and costs she could be liable to pay to the estate as a result of the alleged elder abuse. It is conceivable that any damages and costs Elenice might be liable to pay to the estate would exceed her share of the estate, resulting in a situation in which she pays more to the estate in damages and costs than she receives as an omitted spouse under section 21610. However, the mere fact that application of section 259 *might* reduce or even effectively eliminate Elenice's inheritance does not mean that it concerns the same primary right as a claim she is an omitted spouse with an entitlement to a share of the estate.

To reiterate, in the earlier proceeding the parties litigated the primary right of Elenice to share in her husband's estate notwithstanding her omission from the testamentary documents, an inquiry that necessarily focused on her spousal status and the intent of the decedent. Here, the primary right is Frank's to remain free from abuse or fraud, a right that is enforced by restricting an abuser's ability to benefit from his or her own abusive conduct. After the earlier appeal was final, the trial court properly denied on res judicata grounds the attempt by the decedent's grandson, Terrence, to relitigate an issue that involved the same primary right as the earlier proceeding. Specifically, Terrence sought to claim that Elenice should be denied a share as an omitted spouse because the decedent's intent was to provide for her outside the testamentary documents. The court correctly recognized that any

---

[8] We observe that in *Estate of Lowrie, supra,* 118 Cal.App.4th at page 225, the court referred to the trial court "disinherit[ing]" the abuser entirely "from [the] decedent's estate." The court also described section 259 as a "forfeiture statute that deems abusers of elders . . . to have predeceased a deceased, abused elder," without specifying that an abuser is deemed to have predeceased the decedent only to the extent provided in subdivision (c) of section 259. (*Estate of Lowrie, supra,* at p. 228.) The court in *Estate of Lowrie* did not address the scope of the remedy under section 259 but instead focused on the issue of standing. Therefore, the court's general description of the statute's effect is not authority for the proposition that section 259 operates to completely disinherit a person found liable for elder abuse. (See *Hartwell Corp. v. Superior Court* (2002) 27 Cal.4th 256, 281 [115 Cal.Rptr.2d 874, 38 P.3d 1098] [isolated language in opinions is not authority for a proposition not considered by the court].)

such challenge should have been raised in the earlier trial because it concerned Elenice's entitlement to a share of the estate pursuant to section 21610. By contrast, appellants' petition does not require relitigation of whether Elenice is an omitted spouse entitled to a share of the estate pursuant to section 21610 et seq.

Therefore, Elenice and the trial court are mistaken in construing the petition as one to determine Elenice's entitlement to a share of the estate or trust as an omitted spouse. Appellants contributed to the confusion by entitling their petition, "Petition to Determine Entitlement to Receive Omitted Spousal Share," and by asserting in the petition that Elenice would not be the "surviving spouse" under the Probate Code because of the alleged abuse, irrespective of the validity of the marriage. For purposes of assessing res judicata, we may disregard the caption and the legal conclusions contained in the pleading. Under California law, it is the allegations in the body of a pleading that constitute the cause of action against a party. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 418 [37 Cal.Rptr.3d 528].)

We conclude the court erred in sustaining the demurrer on the ground of res judicata. Appellants' petition here involves a different primary right than the one litigated in the prior proceeding. We need not and do not address appellants' alternative contention that they were not parties to the prior proceeding or in privity with the parties to that proceeding.

Our inquiry is not at an end, however. Because we must affirm if any ground offered in support of the demurrer justifies the court's ruling, we proceed to consider the other grounds for the demurrer asserted by Elenice. (See *Carman v. Alvord* (1982) 31 Cal.3d 318, 324 [182 Cal.Rptr. 506, 644 P.2d 192] [judgment of dismissal will be affirmed on any ground stated in demurrer even if trial court did not act on the ground].)

4.–6.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The trial court's order of May 4, 2010, is modified to provide that appellants' petition is dismissed with prejudice and that appellants take nothing by way of their petition. As modified so that it is an appealable judgment, the order is reversed. The trial court shall enter a new and different

---

[*]See footnote, *ante*, page 791.

order sustaining the demurrer with leave to amend in accordance with the views expressed in this opinion. Appellants shall be entitled to their costs on appeal.

Siggins, J., and Jenkins, J., concurred.

On August 23, 2011, the opinion was modified to read as printed above.