**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAN SUI; PEI-YU YANG, | No. 14-56929 |
| Plaintiffs-Appellants, | D.C. No. 8:13-cv-01776-JAK-AJW |
| v. | |
| 2176 PACIFIC HOMEOWNERS ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 8, 2017[**]

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Yan Sui and Pei-Yu Yang appeal pro se from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging federal and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under Fed. R. Civ. P. 12(b)(1). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Sui's takings claims because Sui lacks standing to pursue claims that are property of his bankruptcy estate. *See Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action which accrued before a chapter 7 petition is filed are part of the estate vested in the trustee); *see also Estate of Spirtos v. One San Bernardino Cty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175-76 (9th Cir. 2006) (bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of estate).

The district court properly dismissed Yang's takings claims as barred by the doctrine of res judicata because the claims were based on the same primary right asserted in prior state court actions. *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory." (citation omitted)); *In re Estate of Dito*, 130 Cal. Rptr. 3d 279, 286 (Ct. App. 2011) ("Under the doctrine of res judicata, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (citation

14-56929

and internal quotation marks omitted)).

Contrary to plaintiffs' contention that res judicata does not apply because defendants obtained the state court judgment through extrinsic fraud, plaintiffs did not allege any facts showing that defendants "prevent[ed] [Yang] from presenting [her] claim[s] in [state] court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

The district court properly dismissed plaintiffs' conspiracy claim under 42 U.S.C. § 1985(2) because plaintiffs failed to allege facts sufficient to show that defendants conspired against plaintiffs based on their membership in a protected class. *See Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th Cir. 1985) (en banc) (elements of a § 1985 claim).

The district court did not abuse its discretion by denying plaintiffs' request for default judgment against defendant McIntyre because McIntyre joined a successful motion to dismiss filed by several defendants which established the insufficiency of plaintiffs' complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

We do not consider arguments raised for the first time on appeal or matters

3                                                                14-56929

not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**