**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY MOORE, individually, and on behalf of J.M.,

Plaintiff-Appellant,

v.

COUNTY OF ORANGE; et al.,

Defendants-Appellees.

No. 18-55042

D.C. No. 8:13-cv-01346-JLS-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Gregory Moore appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from the placement of his child J.M. into foster care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 985, 987 (9th Cir. 2005).  We affirm.

The district court properly dismissed Moore's action as barred by the doctrine of res judicata because Moore has previously litigated the same claim in a California state court proceeding against the same parties or their privies.  *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory." (citation omitted)); *In re Estate of Dito*, 130 Cal. Rptr. 3d 279, 286 (Ct. App. 2011) ("Under the doctrine of res judicata, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (citation and internal quotation marks omitted)).

Contrary to Moore's contention that res judicata does not apply because defendants obtained their state court judgment through extrinsic fraud, Moore failed to allege plausibly how he was prevented from presenting his claims in state court.  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (setting forth what constitutes extrinsic fraud).

The district court did not abuse its discretion in denying Moore leave to amend his complaint because any amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied

where amendment would be futile).

The district court did not abuse its discretion by denying Moore's post-judgment motion for reconsideration because Moore failed to demonstrate any basis for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 60).

We reject as without merit Moore's contentions that the district court erred in denying Moore a continuance for oral argument regarding defendants' motion to dismiss and in lifting the stay on the district court's proceedings.

All pending motions are denied.

**AFFIRMED.**