Filed 11/14/22  Smith v. Asterlin CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| SHAUN SMITH, | C093683 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 34-2019-00259680-CU-FR-GDS) |
| ALEXANDER ASTERLIN, | |
| Defendant and Respondent. | |

Representing himself, Shaun Smith sued his former criminal defense attorney Alexander Asterlin for breach of fiduciary duty, negligence, fraud, breach of contract, and breach of the covenant of good faith and fair dealing, in relation to Asterlin's representation of Smith in *People v. Halo*, Sacramento County Superior Court Case No. 17FE006817.  (We will refer to *People v. Halo* as the underlying criminal action.)[1]  The trial court sustained Asterlin's demurrer to the first amended complaint without leave to amend.

---

[1] On August 9, 2022, this court affirmed Smith's convictions for grand theft and offering false documents for recording following his appeal of the underlying criminal action. (*People v. Halo* (Aug. 9, 2022, C092509) [nonpub. opn.].)  The California Supreme Court denied the petitions for review filed by Smith and his codefendant. (*Ibid.*, petitions for review denied Oct. 26, 2022, S276384)

Smith now contends: (1) because an appeal is only properly taken from a judgment or order of dismissal, and the trial court's judgment did not reference a dismissal, we should amend the judgment to include a dismissal and deem Smith's appeal as from a judgment of dismissal; (2) the trial court erred in sustaining the demurrer because although proof of innocence is an element of a criminal malpractice cause of action, Smith's causes of action were not for malpractice; and (3) the trial court should have granted leave to amend.

We will modify the judgment to include a dismissal and deem Smith's appeal as from a judgment of dismissal. On the merits, the demurrer was properly sustained because a criminal defendant suing an attorney must prove actual innocence and postconviction exoneration where the primary right asserted is the right to competent representation, and here, all of Smith's claims asserted that primary right, but Smith was convicted in the underlying criminal action, his convictions were affirmed on appeal, and hence he did not establish innocence and postconviction exoneration. Under the circumstances, he has not established prejudice in the trial court's denial of leave to amend.

We will affirm the judgment as modified.

BACKGROUND

Because this case comes to us on a demurrer, we accept as true the properly pleaded material facts alleged in the challenged pleading. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We draw the following facts from the allegations in Smith's first amended complaint.

During the relevant time period, the Sacramento County Conflict Criminal Defender Program (CCD) provided legal services to individuals that the Sacramento County Public Defender could not represent. Asterlin, an independent contractor, provided legal services to criminal defendants under the program. Under Asterlin's

2

agreement with the CCD, expenses for investigation, experts, and other ancillary services had to be preauthorized by the CCD.

Smith was a defendant entitled to court-appointed counsel in the underlying criminal action, and CCD assigned Asterlin to represent Smith. The action was a complex matter consisting of over 14,000 pages of discovery, hundreds of recorded telephone calls, and novel legal issues.

Smith asked Asterlin to obtain a real estate expert for his defense. Asterlin agreed such an expert would help in Smith's defense but said CCD would not pay an expert more than $100 to $150 an hour. Asterlin tasked Smith with locating a real estate expert. Smith found an expert who agreed to waive his travel fees and charge a reduced hourly rate of $250, but Asterlin told Smith CCD would not approve or pay for an expert at that rate. When Smith suggested filing a motion to have the trial court approve the appointment of the expert, Asterlin responded that the appointment of experts in Sacramento County did not work that way and they had no choice but to find an expert who would accept CCD's approved hourly rate if they wanted CCD to pay for the expert. Asterlin knew he could file a motion seeking court approval for the appointment of and funding for a real estate expert but chose not to do so because of his agreement with CCD and in order to receive future appointments from CCD. Asterlin did not advise Smith of the possibility of a motion seeking the appointment of a real estate expert by the trial court. He also did not advise Smith that pursuant to certain statutes, the County was required to pay for certain expenses in the underlying criminal action. Asterlin labored under a conflict of interest in representing Smith and working under his agreement with CCD.

Asterlin was appointed as Deputy Director of CCD on or around June 19, 2018. He filed a motion to be relieved as Smith's counsel in the underlying criminal action on June 26, 2018. Asterlin did not disclose to Smith that he had accepted a position with CCD in which he would be responsible for CCD's budget. Instead, Asterlin encouraged

3

Smith to represent himself in the underlying criminal action "to lessen the monetary impact to the CCD budget." He advised Smith that any attorney CCD would assign in the underlying criminal action would not have any experience in real estate, would not know or be willing to file controversial motions necessary to Smith's defense, and would not be as smart as Smith. Asterlin said Smith would do better representing himself through trial and did not advise Smith that he had a constitutional right to effective assistance of counsel and that appointed counsel would have a duty to investigate the facts and laws.

Smith sought $639,000 in compensatory damages, $639,000 in punitive damages, interest, costs, and attorney's fees. Asterlin demurred to the first amended complaint on grounds including that Smith failed to allege actual innocence. The trial court took judicial notice of the abstract of judgment in the underlying criminal action, which showed that a jury convicted Smith of grand theft and recording false documents. The trial court sustained Asterlin's demurrer without leave to amend because unless the conviction was overturned, it prevented Smith from satisfying the actual innocence element of a legal malpractice claim in a criminal defense matter. The trial court entered judgment but did not reference a dismissal.

DISCUSSION

I

According to Smith, because an appeal is only properly taken from a judgment or order of dismissal, and the trial court's judgment did not reference a dismissal, we should modify the judgment to include a dismissal and deem Smith's appeal as from a judgment of dismissal. Asterlin does not oppose the contention.

An order sustaining a demurrer without leave to amend is not an appealable order. (*Estate of Dito* (2011) 198 Cal.App.4th 791, 799.) Instead, an appeal is properly taken from a judgment or order of dismissal. (*Ibid.*) However, where the trial court's ruling effectively ended the litigation, the respondent does not challenge the appealability of the

4

order, and the appeal has been fully briefed, we may, in the interests of judicial economy, deem the trial court's judgment as including a dismissal and treat the appeal as taken from a judgment of dismissal. (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571 (*Hedwall*); *Estate of Dito,* at pp. 799-800.)

Here, the trial court sustained Asterlin's demurrer to all causes of action without leave to amend, Asterlin does not oppose treating this appeal as from a judgment of dismissal, and the appeal has been fully briefed. We will modify the judgment to include dismissal and treat Smith's appeal as from the judgment of dismissal. (*Hedwall, supra*, 22 Cal.App.5th at p. 571; *Estate of Dito, supra*, 198 Cal.App.4th at pp. 799-800.)

II

Smith next contends the trial court erred in sustaining the demurrer because although proof of innocence is an element of a criminal malpractice cause of action, Smith's causes of action were not for malpractice.

A

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.) We independently evaluate the pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context. (*Id.* at pp. 5-6.) We assume the truth of all material facts properly pleaded or implied and consider judicially noticed matter, but do not assume the truth of contentions, deductions or conclusions of law. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) Viewing matters through this prism, we determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory. (*Milligan,* at p. 6.) The appellant bears the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1490.)

5

## B

When a criminal defendant sues an attorney for legal malpractice, a necessary element is the defendant's actual innocence, which must be proven by a preponderance of the evidence. (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 534, 545 (*Wiley*).) Criminal malpractice is legal malpractice in the course of defending a client accused of a crime, and its counterpart is civil malpractice. (*Id.* at p. 536, fn. 1.) Among other things, proof of innocence is required because a convicted criminal should not profit from a crime (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1200 (*Coscia*)), any subsequent negligent conduct by an attorney is superseded by the greater culpability of the defendant's criminal conduct (*id.* at p. 1200), the criminal justice system safeguards against conviction of the wrongly accused and provides redress for any error (*Wiley,* at pp. 541-543), and criminal malpractice actions present pragmatic difficulties, such as the difficulty in calculating damages (*id.* at p. 543).

In addition, a criminal defendant suing for legal malpractice must also show exoneration by postconviction relief, such as acquittal after retrial, reversal on appeal with directions to dismiss the charges, reversal followed by the People's refusal to continue the prosecution, or a grant of habeas corpus relief. (*Coscia, supra*, 25 Cal.4th at pp. 1198, 1201, 1205; see *Wilkinson v. Zelen* (2008) 167 Cal.App.4th 37, 47 [exoneration by postconviction relief is a separate requirement from that of establishing factual innocence].) Only an innocent person wrongly convicted may be deemed to have a legally compensable harm. (*Coscia,* at p. 1201.) Relief is otherwise denied because the convicted criminal's conduct is deemed to be the sole cause of the conviction. (*Id.* at p. 1203.)

A plaintiff must prove actual innocence and postconviction exoneration where the primary right asserted is the right to competent representation. (*Genis v. Schainbaum* (2021) 66 Cal.App.5th 1007, 1015-1019.) " '[T]he nature of a cause of action does not depend on the label the plaintiff gives it or the relief the plaintiff seeks but on the primary

6

right involved.' " (*Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184, 1190 (*Khodayari*); accord *Lynch v. Warwick* (2002) 95 Cal.App.4th 267, 273.) " ' "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." ' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.)

In *Khodayari*, the plaintiff sued his attorney for, among other things, professional negligence, fraud, breach of fiduciary duty, breach of contract and breach of the implied covenant of good faith and fair dealing. (*Khodayari, supra*, 200 Cal.App.4th at p. 1187.) The appellate court held that although the plaintiff attached different labels to his claims, the actual innocence requirement applied to all of his causes of action because the primary right involved in all of his claims was the right to competent legal representation. (*Id.* at pp. 1190-1192, 1196.)

The same is true in this case. Although Smith attaches different labels to his claims -- breach of fiduciary duty, negligence, fraud, breach of contract, and breach of covenant of good faith and fair dealing -- they all assert the right to competent legal representation. The first amended complaint alleged that Asterlin rendered ineffective assistance by failing to secure a real estate expert necessary to the defense, seeking to be relieved as Smith's attorney, and advising Smith to represent himself in the case.

Smith nevertheless argues his causes of action relate to unlawful billing practices and Asterlin's violation of specific duties unrelated to the outcome of the underlying criminal action or Asterlin's competency as an attorney, citing *Bird, Marella, Boxer & Wolpert v. Superior Court* (2003) 106 Cal.App.4th 419 and *Brooks v. Shemaria* (2006) 144 Cal.App.4th 434. The appellate court in *Bird* held that a criminal defendant need not prove innocence or postconviction exoneration where the primary rights asserted were

7

the rights to be billed in accordance with the parties' retainer agreement and to be free from unethical or fraudulent billing practices by the defense counsel. (*Bird,* at pp. 421, 427, 432.) Applying the policy considerations in *Wiley* and reasoning that the complaint was directed at the quantity and not the quality of the attorney's work, the appellate court concluded the innocence requirement did not apply to fee disputes. (*Id.* at pp. 428-431.) The court in *Brooks* held the same, and also held that the innocence requirement did not apply to a claim related to the destruction of property. (*Brooks,* at p. 436, 439-441, 443.) The plaintiff's criminal conduct was not the cause of the property's destruction, and there was no other postconviction redress for the wrong alleged. (*Id.* at p. 443.)

Here, however, Smith asserts he "had a constitutionally protected right to prepare his defense, including the right to investigative and ancillary defense services" and seeks damages for Asterlin's "abandonment of professional duties and fraudulent conduct." Unlike in *Bird* and *Brooks*, the causes of action in Smith's first amended complaint are not based on a breach of a retainer agreement, Asterlin's improper billing for legal services or costs, or the destruction of Smith's property. Smith does not identify duties allegedly owed by Asterlin that do not relate to adequate representation in the underlying criminal action.

Because all of Smith's claims against Asterlin involve the right to competent representation in the underlying criminal action, Smith was required to plead and prove his actual innocence and show postconviction exoneration. But a jury found him guilty of grand theft and recording false documents in the underlying criminal action, and the convictions were affirmed on appeal (*People v. Halo, supra*, C092509). Thus, Smith's criminal conduct remains the ultimate cause of his convictions even if his counsel was deficient. (*Wiley, supra*, 19 Cal.4th at p. 540.) He cannot shift responsibility for his crimes by obtaining civil recovery from Asterlin. (*Id.* at p. 537.) The trial court properly sustained the demurrer to the first amended complaint.

### III

In addition, Smith claims the trial court should have granted leave to amend.

We review a trial court's decision to deny leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the challenged pleading could be amended to state a cause of action, the trial court abused its discretion in denying leave to amend and we will reverse; if not, there has been no abuse of discretion and we will affirm. (*Ibid.*)

We grant Smith's request for judicial notice of the appeal filed in the underlying criminal action. (Evid. Code, §§ 452, subd. (d), 453.) On August 9, 2022, this court affirmed Smith's convictions for grand theft and offering false documents for recording following his appeal of the underlying criminal action. (*People v. Halo, supra*, C092509.) The California Supreme Court denied Smith's petition for review. Smith does not state how he can amend the challenged pleading to allege actual innocence and postconviction exoneration.

### DISPOSITION

The judgment is modified to include dismissal, and the judgment is affirmed as modified. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/S/
MAURO, J.

We concur:


/S/
HULL, Acting P. J.


/S/
DUARTE, J.