Filed 10/11/24  Pacific Attorney Group v. Akbari CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| PACIFIC ATTORNEY GROUP, PLC, et al., | B330988 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22STCV04535) |
| v. | |
| GAWAD AKBARI et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael P. Linfield, Judge.  Affirmed.

Pacific Attorney Group and Michael P. Hollomon, Jr., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

_____

Appellants ask that we reverse the trial court's order dismissing their case with prejudice. The trial court dismissed their case because the court concluded that appellants did not comply with the requirements for seeking a default judgment. Because we have an insufficient record to evaluate the appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-appellants Pacific Attorney Group, PLC, and Payam Mark Shayani (Plaintiffs) do not cite to the record in recounting the facts in their opening brief. Respondents did not file any brief, and consequently, Plaintiffs filed no reply brief. In addition, the record on appeal is 36 pages and does not include Plaintiffs' filings related to their attempts to obtain a default judgment, the primary basis for the trial court's order dismissing their case. This thin record precludes us from meaningfully recounting the facts.

While we do not have a sufficient record to establish the relevant facts, we provide the facts we ascertain from the docket for some context.

On February 4, 2022, Plaintiffs filed their complaint against Defendants Ali Akbari, Gawad Akbari, Sajad Akbari, and Nazdup, Inc. On April 1, 2022, Plaintiffs filed a notice of settlement. Three days later, the trial court set an order to show cause regarding dismissal and settlement, and set the hearing for May 19, 2022. On May 19, 2022, the court vacated the hearing date for the order to show cause, and set a case management conference for July 5, 2022. On July 5, 2022, the trial court issued an order to show cause why Plaintiffs should not be sanctioned for failing to appear at the case management conference and for failing to file a proof of service. The court also

set a status conference for August 5, 2022. On August 5, 2022, the court continued the case management conference to October 5, 2022, and the court vacated its order to show cause. On October 5, 2022, the trial court continued the case management conference to October 26, 2022. The court also set an order to show cause regarding entry of default for the same date. On October 27, 2022, the trial court again set another case management conference and set an order to show cause regarding entry of default for December 12, 2022. On December 12, 2022, the court set new dates for a case management conference and an order to show cause regarding entry of default judgment to March 13, 2023. On March 13, 2023, the trial court continued the order to show cause regarding entry of default judgement to May 10, 2023. On May 10, 2023, the trial court appeared to conduct a hearing regarding entry of default judgment as the record includes a minute order from the hearing. On May 10, 2023, the trial court issued a minute order, and later issued a nunc pro tunc minute order. The corrected order provides, "The Court previously stated that 'If default judgment is not entered by [today's] date, the Court WILL dismiss the case.' [¶] Plaintiff's Prove-Up Package is deficient, and hence the Court cannot enter default judgment. [¶] The case is Dismissed with prejudice." According to the minute order, the trial court took this action because Plaintiffs "continually" failed to complete case management statements prior to hearings, had requests for entry of default rejected "at least" four times, failed to file their default "prove-up package" prior to the December 12, 2022 hearing, and then filed a deficient "prove-up package" for the May 10, 2023 hearing.

Plaintiffs appealed.

## DISCUSSION

A trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice. (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915.) Among other bases, a trial court can dismiss a claim if the plaintiff has failed to diligently prosecute its case. (*Ibid.*) We review discretionary dismissals for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) The complaining party has the burden of establishing an abuse of discretion. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

A judgment or order from a trial court is presumed correct on appeal. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) An appellant must affirmatively prove error. (*Ibid.*) Similarly, an appellant has the burden of providing an adequate record to the appellate court. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) As a result, "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Ibid.*)

As an initial matter, Plaintiffs have appealed from an order dismissing their suit with prejudice, and they had not secured a judgment prior to filing their appeal. Nonetheless, because the order disposes of all claims in the case, we amend the nunc pro tunc order dismissing the case with prejudice to be a judgment of dismissal. (*Estate of Dito* (2011) 198 Cal.App.4th 791, 800 [treating an order sustaining a demurrer as an appealable order].) In the interests of judicial economy, we address the merits of the appeal. (*Ibid.*)

Here, Plaintiffs argue that the trial court abused its discretion by imposing terminating sanctions and dismissing their case with prejudice. Plaintiffs further argue that any

4

omissions in the default package were minor and that the trial court should have allowed them an opportunity to cure any deficiencies.

We, however, have an insufficient record to evaluate Plaintiffs' argument.  Plaintiffs designated a total of 36 pages in their appellate record.  The record consists of the trial court docket, the trial court's initial order dismissing the case with prejudice, the nunc pro tunc order dismissing the case with prejudice, the notice of appeal, and the notice designating the record on appeal.  Because we have a deficient record, we cannot meaningfully review the trial court's ruling.  (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)  For example, we have no way of evaluating Plaintiffs' default package because the default package is not in the appellate record.  Nor are we able to discern what happened at the hearings preceding the May 10, 2023 hearing, as the record does not include these minute orders.  We assume the trial court's ruling is correct, and nothing in this appeal establishes otherwise.  (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.)

### DISPOSITION

The judgment is affirmed.  No costs are awarded.


VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.



WILEY, J.


5